**Barbara Ann CAHALL and Ronald E. Cahall, Plaintiffs Below–Appellants,**

v.

**Debbie D. THOMAS, Defendant Below–Appellee.**

No. 303,2005.

Supreme Court of Delaware.

Submitted: July 28, 2005.
Decided: Sept. 16, 2005.

---

9. *Thornton v. State,* 405 A.2d 126, 127 (Del. 1979).

Beverly L. Bove, Esquire and Vincent J.X. Hedrick II, Esquire, Wilmington, Delaware for the appellants.

Donald Ransom, Esquire, Casarino, Christman & Shalk, Wilmington, Delaware for the appellee.

Before HOLLAND, BERGER and RIDGELY, Justices.

HOLLAND, Justice.

Pending before the Court is appellee Debbie Thomas' motion to dismiss that portion of appellants Barbara and Ronald Cahall's appeal from the jury's verdict entered on March 10, 2004. Thomas asserts that the Cahalls' appeal from the jury's verdict should have been filed within thirty days of the Superior Court's order denying the Cahalls' motion for a new trial. The order denying the motion for new trial was entered July 16, 2004. Thomas contends that this Court is without jurisdiction to review the jury's verdict because the Cahalls did not timely perfect an appeal from the Superior Court's final judgment. We agree. Accordingly, the Cahalls' appeal from the jury's verdict must be dismissed.

### Procedural History

The Cahalls are husband and wife. They filed a complaint against Thomas in the Superior Court asserting a claim for bodily injury by Barbara Cahall and a claim for loss of consortium by Ronald Cahall. The claims arose from an automobile accident in which Thomas' vehicle struck Barbara Cahall's vehicle from behind. Following a trial in the Superior Court, the jury returned its verdict on March 10, 2004 in favor of Barbara Cahall in the amount of $2,500 but made no award to Ronald Cahall on his loss of consortium claim.

The Cahalls filed a motion for additur or, in the alternative, for a new trial on the issue of damages. On July 16, 2004, the Superior Court denied the Cahalls' motion. On August 13, 2004, the Cahalls filed a notice of appeal, in case No. 350, 2004 ("*Cahall I*"), from the Superior Court's denial of their motion for additur or a new trial. In their opening brief on appeal in *Cahall I*, the Cahalls raised five issues, only two of which related to the Superior Court's denial of their motion for additur or a new trial. As a result of the Cahalls notice of appeal, which was expressly limited to the Superior Court's denial of their motion for additur or a new trial, the Court concluded, based on well-settled law, that it did not have jurisdiction to consider the Cahalls' other issues.[1] We affirmed the Superior Court's denial of the Cahalls' motion for new trial.

After the mandate issued in *Cahall I*, the Superior Court ruled upon Thomas' motion for costs, which had been filed in March 2004. On June 22, 2005, the Superior Court granted in part and denied in part Thomas' motion for costs. Thereafter, the Cahalls filed a notice of appeal in the present case, purporting to appeal not only from the Superior Court's June 22, 2005 ruling on Thomas' motion for costs, but also from the jury verdict entered on March 10, 2004.

### Thomas' Motion to Dismiss

Thomas has filed a motion to dismiss, in part, the Cahalls' appeal on the ground that their appeal from the jury's verdict is

---

1. *Cahall v. Thomas*, 2005 WL 1175940, 873 A.2d 1099 (Del.Supr. May 16, 2005) (citing *Trowell v. Diamond Supply Co.*, 91 A.2d 797 (Del.1952)).

untimely because it was not filed within thirty days of the Superior Court's final judgment, which was the denial of the motion for new trial.[2] Thomas asserts that the pending motion for costs did not suspend the finality of the Superior Court's judgment.[3] Thus, according to Thomas, this Court lacks jurisdiction to hear the Cahalls' untimely appeal from the jury's verdict.

Our ruling on Thomas' motion is dictated by established precedent. In *Emerald Partners v. Berlin*,[4] the appellees moved to dismiss that appeal as interlocutory because the notice of appeal was filed before the trial court ruled on a pending motion for costs. We denied the motion to dismiss, holding that "the pendency of a motion for costs … does not delay the finality of a judgment on the merits."[5] We reiterated this point in *McDaniel v. DaimlerChrysler Corp.*[6] when we granted the appellees' motion to dismiss the appeal on the ground that notice of appeal was not filed within thirty days of the Superior Court's entry of summary judgment. We rejected McDaniel's contention that a pending motion for costs suspended the finality of the trial court's summary judgment ruling.[7]

In light of this clear precedent, Thomas' motion to dismiss in part must be granted. The Cahalls should have filed their notice of appeal from the jury's verdict within thirty days after the Superior Court's entry of final judgment in this case. The jury's verdict in this case became a final, appealable order on July 16, 2004 when the Superior Court denied the Cahalls' motion for new trial. The Cahalls' failure to properly notice an appeal from the jury's verdict within the required time period de-

prives this Court of jurisdiction to review the jury's verdict in this appeal.

Consequently, Thomas' motion to dismiss in part is GRANTED. The Clerk of the Court is directed to establish a brief schedule on the Cahalls' appeal with respect to the issue of costs only.

---

2. *See* Del.Supr. Ct. R. 6(a)(i).

3. *See Emerald Partners v. Berlin,* 811 A.2d 788 (Del.2001).

4. *Id.*

5. *Id.* at 791.

6. 860 A.2d 321 (Del.2004).

7. *Id.* at 323.