Barbara Ann CAHALL and Ronald
E. Cahall, Plaintiffs Below,
Appellants,

v.

Debbie D. THOMAS, Defendant
Below, Appellee.

No. 303, 2005.

Supreme Court of Delaware.

Submitted: June 6, 2006.
Decided: Sept. 5, 2006.
Reargument Denied Sept. 25, 2006.

Beverly L. Bove, and Vincent J.X. Hedrick, II, Esquires, of Wilmington, Delaware, for appellants.

Donald M. Ransom, and John A. Macconi, Jr., Esquires, of Casarino, Christman & Shalk, P.A., Wilmington, Delaware, for appellee.

Before HOLLAND, JACOBS, and RIDGELY, Justices.

RIDGELY, Justice.

Plaintiffs–Appellants Barbara and Ronald Cahall appeal an award of costs by the Superior Court after a jury trial because the Cahalls did not accept a pre-trial offer of judgment made to them collectively under Superior Court Civil Rule 68. Plaintiffs claim that the Superior Court erred as a matter of civil procedure, or alternatively, as a matter of state constitutional law. Thomas made a collective offer of judgment before trial instead of an individual offer of judgment to each plaintiff. We hold that this offer is an insufficient predicate for cost shifting under Rule 68. Accordingly, we reverse the award of costs in this case.

### I.

The Cahalls are husband and wife. They filed a complaint against Thomas asserting a claim for bodily injury of Barbara Cahall and a claim for loss of consortium by Ronald Cahall. Thomas served a timely offer of judgment for $7,500 to the Cahalls collectively. The Cahalls did not accept it. The case proceeded to trial and the jury returned a verdict in favor of Barbara Cahall in the amount of $2,500. The jury made no award to Ronald Cahall for his loss of consortium claim. The Cahalls filed a motion for additur or, in the alternative, for a new trial on the issue of damages. This motion was denied by the Superior Court and affirmed by this Court.[1] After this Court's decision, the Superior Court addressed Thomas's motion for costs. The trial judge granted the motion in part and denied it in part. The Cahalls were ordered to pay Thomas's costs of $1,200 for her trial expert pursuant to Rule 68, because the verdict was less than the collective offer of judgment. This appeal followed.[2]

### II.

■ The Cahalls do not challenge the reasonableness of the expert's fee. They argue that the Superior Court erred as a matter of law when it determined that Rule 68 authorized the award. We review claims of legal error *de novo*.

■ Superior Court Civil Rule 68 provides that where a timely offer of judgment is not accepted prior to trial and the "judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."[3] The purpose of

---

1. *Cahall v. Thomas*, Del.Supr., No. 350, 2004, Holland, J., 2005 WL 1175940 (May 16, 2005) (Order).

2. The Cahalls included in their appeal the jury's verdict and that claim has been dismissed because it was untimely. *Cahall v. Thomas*, 889 A.2d 966 (Del., Sept.16, 2005).

3. Del.Super. Ct. Civ. R. 68 Offer of judgment.

   At any time more than 10 days before the trial begins a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the Clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. *If the judgment finally obtained by the offeree is*

Rule 68 is to encourage settlement and avoid litigation by prompting parties to balance the risks and costs of litigation against the likelihood of success at trial.[4] Rule 68 does not apply unless the adverse party obtains a judgment that is "not more favorable" than the offer.[5] If Rule 68 does apply, an award of costs is mandatory.[6] "The trial court has no discretion about whether to award costs, assuming the offer of judgment was timely; it was rejected; and the plaintiff recovers an amount less than the offer." [7]

Thomas's offer of judgment reads as follows: "Defendant Debbie E. Thomas hereby permits judgment to be entered against her and in favor of the plaintiffs for the total amount of Seven Thousand Five Hundred Dollars ($7,500.00) plus costs accrued to date." The offer does not state how much of the $7,500 was offered to Mrs. Cahall for her personal injury claim or how much was offered to Mr. Cahall for his loss of consortium claim.

The Cahalls were not given "a clear baseline" from which they could evaluate the merits of their individual claims.[8] Nor did the collective offer allow for a specific judgment to be entered on each of their respective claims. In *Marek v. Chesny*[9] the U.S. Supreme Court explained:

> The critical feature of the Rule is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.*

The jury's verdict in this case determined the judgment of $2,500 for Barbara Cahall and $0 for Ronald Cahall. Just as the final judgment in this case was individualized after the jury's verdict, so too should the offer of judgment have been for Rule 68 to apply.

In other cases, the Superior Court has excluded from Rule 68 joint and several offers of judgment [10] because the offer of

---

not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

4. *Beaudet v. Thomas*, 797 A.2d 678, 678 (Del. 2002) (Order); *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). *See also Gerken v. Atkinson*, Del.Super., No. CIV.A. 00C–12–047, Vaughn, R.J., 2002 WL 1832322, *1 ("The purpose of Rule 68 is to encourage settlements by shifting to the plaintiff part of the risk of proceeding with the lawsuit where it appears likely that 'the plaintiff will obtain a judgment but the amount of recovery is uncertain.' ") (quoting *Delta Air*

Lines, Inc. v. August, 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981); 13 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 68.02 (3d ed.2002)).

5. *Hercules*, 784 A.2d at 509. *See also Flood v. Riley*, Del.Super., No. C.A. 00C–12–044, Vaughn, R.J., 2002 WL 32067553, *1 (Del.Super.) (construing Rule 68 as not applying to a plaintiff who received a zero verdict).

6. *Beaudet*, 797 A.2d at 678 (citing *Hercules*, 784 A.2d at 509).

7. *Beaudet*, 797 A.2d at 678.

8. *See Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1076 (7th Cir.1999); *Thomas v. National Football League Players Ass'n*, 273 F.3d 1124, 1128 (D.C.2001).

9. *Marek v. Chesny*, 473 U.S. 1, 6, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (emphasis in original).

10. *Bajger v. Shreeve*, Del.Super., No. 95C–06–104, Cooch, J., 1997 WL 524057 at *3 n. 10

judgment must be individualized as to each plaintiff.[11] We agree with the result and reasoning of those cases. Individualized offers further the policy of the Rule 68 to encourage settlement. Individualized offers facilitate a reasoned evaluation of the merits of each plaintiff's claim and, if accepted, can be entered as judgments. Although a defendant may still phrase an offer of settlement as a collective one to multiple plaintiffs, an award of costs is only available under Rule 68 where the offer is formally apportioned among each of the plaintiffs individually. Since Thomas' offer of judgment was not apportioned to each plaintiff individually, Rule 68 cannot be applied in this case. Accordingly, the Superior Court erred as a matter of law in granting Thomas' motion for costs.[12]

## IV. Conclusion

The Superior Court award of costs under Rule 68 is REVERSED. This matter is REMANDED for proceedings consistent with this Opinion.

---

(citing *Smith v. Sante Volpe, Inc.,* Del.Super., C.A. No. 82C–DE–5, Babiarz, J., 1992 WL 19938; 20 C.J.S. Costs § 43 (1990)). *See also Jones v. Elliott,* 551 A.2d 62, 65 (Del.1988) (holding that the noninjured spouse may pursue her separate yet derivative cause of action for loss of consortium, despite the fact that the injured spouse settled his personal injury claim).

11. *Sante Volpe,* Del.Super., C.A. No. 82C–DE–5, Babiarz, J., 1992 WL 19938 at *1.
   Defendant's offer of judgment ... was not individualized as to each claim. Specifically defendant offered only to allow a judgment to be taken "in favor of all of the plaintiffs jointly and severally, in the amount of $75,100." None of the plaintiffs, thus, had the power individually to accept all or some portion of the offer of judgment so as to avoid trial and the possibility of the taxation of costs. Even though all plaintiffs were members of the same family unit, defendants joint and several offer of judgment in effect placed each of them in a position of conflict of interest. I conclude that the offer of judgment was not in proper form under Rule 68 and defendant may not invoke its protection.

12. Because the offer of judgment was legally insufficient under Rule 68, we need not address the Cahall's alternative argument. We note also that because this alternative argument was not fairly presented to the trial court, it has been waived.