## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

SHALA S. PARKER, and )
CHRISTOPHER PARKER, )
                                    )
       Plaintiffs, )       C.A. No.: N22C-05-038 FWW
                                      )
       v. )
                                        )
HENRY F. STEINBRECHER, )
and DARRELL D. PUTNAM, )
                                      )
       Defendants. )

Submitted: July 18, 2024
Decided: July 24, 2024

*Upon Defendant Henry F. Steinbrecher's Motion for Costs*
**GRANTED.**

## <u>ORDER</u>

Frederick S. Freibott, Esquire, THE FREIBOTT LAW FIRM, P.A., 1711 East Newport Pike, P.O. Box 6168, Wilmington, Delaware 19804, Attorney for Plaintiffs Shala S. Parker and Christopher Parker.

Miranda D. Clifton, Esquire, HECKLER & FRABIZZIO, 800 Delaware Avenue, Suite 200, P.O. Box 128, Wilmington, Delaware 19899, Attorney for Defendant Henry F. Steinbrecher.

Jeffrey A. Young, Esquire, YOUNG & McNELIS, 300 South State Street, Dover, Delaware 19901, Attorney for Defendant Darrell D. Putnam.

**WHARTON, J.**

This 24th day of July 2024, upon consideration of Defendant Henry F. Steinbrecher's ("Steinbrecher") Motion for Costs,[1] the Response to Defendant's Motion for Costs of Plaintiffs Shala S. Parker ("Shala Parker") and Christopher Parker (collectively with Shala Parker, "Plaintiffs"),[2] Defendant Steinbrecher's Reply to Plaintiffs' Response to Defendant's Motion for Costs,[3] Defendant Darrell D. Putnam's ("Putnam") Response to Defendant Steinbrecher's Motion for Costs,[4] and the record in this case, it appears to the Court that:

1. Plaintiffs alleged that on October 21, 2020, Shala Parker was operating a vehicle traveling in the left lane of I-495 southbound near Wilmington, with Putnam operating the vehicle directly behind her, and Steinbrecher operating the vehicle traveling directly behind Putnam.[5] Plaintiffs further alleged that Shala Parker slowed her vehicle due to congested traffic, and Putnam slowed his vehicle before he was rear-ended by Steinbrecher and pushed into the rear bumper of Shala Parker's vehicle.[6]

2. On April 30, Steinbrecher filed an offer of judgment in the following language: "NOW COMES Defendant Henry F. Steinbrecher, and makes the

[1] Def. Steinbrecher's Mot. for Costs, D.I. 86.
[2] Pls.' Resp. to Def.'s Mot. for Costs, D.I. 90.
[3] Def. Steinbrecher's Reply, D.I. 92.
[4] Def. Putnam's Resp. to Def. Steinbrecher's Mot. for Costs., D.I. 88.
[5] Compl. at ¶ 4, D.I. 1.
[6] *Id*.

following Offer of Judgment, to wit: ***$50,001, inclusive of trial costs*** accrued as of April 24, 2024, pursuant to Superior Court Civil Rule 68."[7]

3.     The case was tried before a jury.  On June 27, 2024, the jury returned its verdicts, finding Putnam not negligent and both Steinbrecher and Shala Parker negligent.[8]  It found Shala Parker 72% negligent and Steinbrecher 28% negligent, resulting in a verdict for Steinbrecher.[9]

4.     Steinbrecher now moves for costs in the amount of $6,251.00 incurred after the expiration of the offer of judgment pursuant to Superior Court Civil Rule 54.[10]  Specifically, Steinbrecher seeks $4,775.00 for his medical expert's deposition fee, $771.80 for the transcript of that deposition, $365.00 for a videographer for the deposition, and $400.00 for video edits of the deposition.[11]

5.     The Plaintiffs oppose the motion.  They argue that Steinbrecher's Offer of Judgment was improperly filed under Civil Rule 68.[12]  Specifically, they contend that the offer should have been individualized as to each plaintiff.[13]

6.     In reply, Steinbrecher acknowledges that the "prevailing law in this matter" is that an award of costs is only available under Rule 68 where the offer "is

---

[7] D.I. 70.
[8] Verdict Form, D.I. 84.
[9] *Id.*
[10] Def.'s Steinbrecher's Mot. for Costs, D.I. 86.
[11] *Id.*
[12] Pls.' Resp to Mot. for Costs, D.I. 90.
[13] *Id.* at ¶¶ 5-7.

formally apportioned among each of the plaintiffs individually."[14]  Nonetheless, Steinbrecher maintains he is entitled to costs because his motion is filed under Civil Rule 54, not Rule 68.[15]  He maintains that each of the costs for which he seeks reimbursement is reasonable and necessary.[16]

7.    Putnam takes no position.[17]

8.    The Motion for Costs unnecessarily commingles two separate rationales for awarding costs.  It cites Civil Rule 68 and the Offer of Judgment, which it attaches as an exhibit, and only asks for costs incurred after its expiration.[18]  But, Steinbrecher's motion is "pursuant to Delaware Superior Court Civil Rule 54."[19] That rule states:

> (d) *Costs.* Except when express provision therefor is made either in a statute or in these Rules or in the Rules of the Supreme Court, costs shall be allowed as of course to the prevailing party upon application to the Court within ten (10) days of the entry of final judgment, unless the Court otherwise directs.[20]

---

[14] Def. Steinbrecher's Reply, at ℙ 7 (citing *Cahall v. Thomas,* 906 A.2d 24 (Del. 2006)).

[15] *Id.* at ℙ 9.

[16] *Id.* at ℙ 12.

[17] Def.' Putnam's Resp. to Def. Steinbrecher's Mot. for Costs, D.I. 88.

[18] Def. Steinbrecher's Mot. for Costs, at ℙℙ 3-4 (attaching the Offer of Judgment as Exhibit B), D.I. 86.

[19] *Id.* at 1-2.

[20] Super. Ct. Civ. Rule 54(d).

Civil Rule 54(f) provides in part, "The production and playback costs associated with any videotape deposition may also be taxable as costs if the video deposition is introduced into evidence."[21]

9.      Steinbrecher acknowledges that he did not properly apportion his Offer of Judgment as to each plaintiff.   Accordingly, the Court disregards Rule 68 as a basis for awarding costs and considers the motion under Rule 54 only.   Because the motion is timely and Steinbrecher is the prevailing party, the Court may award him costs in its discretion.   This approach is consistent with that taken in *Mulford v. Haas*,[22] cited by the Plaintiffs.[23]

10.      Although Steinbrecher clearly states twice in his motion that he is moving "pursuant to Delaware Superior Court Civil Rule 54,"[24] the Plaintiffs devote all of their substantive argument to their contention that costs should be denied because Steinbrecher's Offer of Judgment was defective.   To the extent they oppose any specific requests, they simply state without elaboration that "items C and D on [the Motion for Costs] should be removed."[25]   Item C asks for $365.00 for the videographer for Steinbrecher's medical expert's deposition and item D requests

---

[21] Super. Ct. Civ. R. 54(f).
[22] 2001 WL 541023 (Del. Super. Ct. Apr. 25, 2001).
[23] *See also,* 10 *Del. C.* §§ 5501, 8906.
[24] Def. Steinbrecher's Mot. for Costs, at 1-2, D.I. 86.
[25] Pls.' Resp. to Def.'s Mot. for Costs, at ⁋ 12, D.I. 90.  (The Motion for Costs designates them as 4.c and d., D.I. 88).

$400.00 for edits to that deposition.[26] Finally, the Plaintiffs close their opposition with Judge Quillen's admonition in *Moore v. Garcia*[27] that "it is important to win with grace following a defense verdict and judgment."[28]

11. Apart from their Rule 68 argument, the Plaintiffs do not dispute Steinbrecher's expert witness fee, nor, apparently, the transcript fee.[29] They only object to the $365.00 cost for the deposition videographer and the $400.00 cost for deposition video editing.[30] Because the Plaintiffs do not explain their objections to the videographer deposition costs and the video editing costs, stating simply that they "should be removed," and because the Court finds them reasonable as explained by Steinbrecher in his reply, the Court awards those costs to Steinbrecher.

12. The Plaintiffs final comment about defendants "winning with grace" is unpersuasive. In *Moore,* Judge Quillen, "know[ing] it was unusual" in a medical negligence case where the plaintiff had a "highly unsatisfactory surgical proceeding" and "had good reason to bring a lawsuit questioning whether the operation was performed prematurely after a very short period of conservative treatment" that

---

[26] Def. Steinbrecher's Mot. for Costs at ¶ 4, D.I. 86.

[27] 1995 WL 945553, at *1 (Del. Super. Ct. Jul. 10, 1995).

[28] Pls.' Resp. to Def.'s Mot. for Costs, at ¶ 9, D.I. 90.

[29] *Id. See also,* Def. Steinbrecher's Mot. for Costs, Items 4.a and b, respectively. D.I. 86.

[30] *Id.* at ¶ 12.

"deserved a full explanation by the defendant" denied the defendant's request for the costs of his expert's trial deposition.[31]  The Court views *Moore* as *sui generis*.

 **THEREFORE,** Defendant Henry F. Steinbrecher's Motion for Costs in the amount of $6,251.80 is **GRANTED.**

**IT IS SO ORDERED.**

/s/ Ferris W. Wharton
Ferris W. Wharton, J.

---

[31] *Moore,* 1995 WL 945553, at *1.