# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHEQUITA TRUITT, )
                                          )
Individually and as Administrator of )
the Estate of G.M.T., a Minor, )
                                          )
      Plaintiffs, )
                                          )
                                          )
                                          )
v. )     C.A. No. S20C-03-039 CAK
                                          )
BRYAN WINDER and )
DWAYNE R. MCCONNELL, )
                                          )
Defendants. )

Submitted: January 23, 2026
Decided: February 13, 2026

*Allocation of Prejudgment Interest Between Defendants*

## MEMORANDUM OPINION AND ORDER

Robert J. Leoni, Esquire, Gilbert F. Shelsby, Jr., Esquire, and James J. Meehan, III, Esquire, Shelsby & Leoni, 221 Main Street, Wilmington, DE 19804, Attorneys for Plaintiffs Shequita Truitt and the Estate of G.M.T.

Jeffrey A. Young, Esquire, Young & McNelis, 300 South State Street, Dover, DE 19901, Attorney for Defendant Bryan Winder.

Daniel P. Bennett, Esquire, Mintzer Sarawitz Zeris & Willis LLC, Citizens Bank Center, 919 North Market Street, Suite 200, Wilmington, DE 19801, Attorney for Defendant Dwayne R. McConnell.

**KARSNITZ, R. J.**

## PROCEDURAL BACKGROUND

This case originated as two wrongful death cases, one brought by Shequita Truitt, both individually and as the administrator of the estate of G.M.T., a minor ("Truitt" or "Plaintiffs") in New Castle County Superior Court on February 14, 2020, as amended on March 24, 2020, and the other brought by Jeremie Handy ("Handy") on March 27, 2020 in Sussex County Superior Court against, *inter alia*, Dwayne R. McConnell ("McConnell" or "Defendant McConnell") and Bryan Winder ("Winder" or "Defendant Winder") (McConnell and Winder, collectively, "Defendants"). The cases were consolidated for purposes of trial[1] in Sussex County Superior Court on December 15, 2022.

On June 14, 2024, Plaintiffs extended a settlement demand to Defendant Winder, pursuant to 6 *Del. C.* § 2301(d), for the $300,000 liability policy limits which Defendant Winder disclosed as the extent of his insurance coverage. Defendant Winder did not accept the demand. Plaintiff's offer to settle with Defendant Winder was valid for a minimum of 30 days prior to the trial and verdict. The demand was significantly less than the amount of the judgment

---

[1] *See* 10 *Del. C.* § 3724(e).

ultimately entered against Defendant Winder (as discussed below).

Plaintiffs extended no settlement demand to Defendant McConnell pursuant to 6 *Del. C.* § 2301(d),

On March 17, 2025, I severed Handy's claim. Neither Handy nor his counsel participated in the ensuing jury trial.

Following discovery and pretrial motions, trial was held on March 17, 18, 19, and 20, 2025. On March 21, 2025, the jury returned a verdict against McConnell and Winder,[2] found that that G.M.T. was not negligent, apportioned negligence between McConnell (90%) and Winder (10%), awarded $350,000.00 to the estate of G.M.T. for conscious pain and suffering and $68,069.44 for medical bills, and awarded $1,300,000.00 to Truitt for mental anguish.

On March 28, 2025, Plaintiffs filed a Motion for Prejudgment and Post-Judgment Interest. On April 10, 2025, Winder filed his Response to this Motion.

On April 3, 2025, Winder filed a Motion for Judgment as a Matter of Law[3] or, in the Alternative, for a New Trial,[4] in which McConnell joined. After full briefing and several oral arguments, on December 4, 2025, I issued my

---

[2] McConnell had stipulated as to his liability.
[3] Super. Ct. Crim. R. 50.
[4] Super. Ct. Crim. R. 59.

4

Opinion on all issues related to this Motion. I granted Defendants' Motion with respect to the jury's award of $350,000.00 to the Estate of G.M.T. for pain and suffering, which I vacated. In all other respects, the Motion was denied.

On December 11, 2025, I received a letter from counsel for Defendant Winder, on behalf of all counsel of record (including Jeremie Handy's counsel), requesting a temporary stay of *Jeremie Handy v. Bryan Winder, et al.* until the Delaware Supreme Court has heard and ruled on the appeal of Defendant Bryan Winder in this case, *Shequita Truitt v. Bryan Winder, et al*.

On December 16, 2025, I issued an Opinion and Order with respect to Plaintiffs' Motion for Prejudgment and Post-Judgment Interest, and Defendant Winder's Response thereto. I deducted $350,000 from the amount of the jury award (which is the amount of the award for pain and suffering that I vacated) and directed the parties to submit orders calculating prejudgment interest at 7.25% and post-judgment interest at 9.5%.[5]

On December 18, 2025, Plaintiffs, having submitted a draft order to Defendants, wrote to the Court that a conflict had arisen between Defendants regarding the allocation (not the amount) of prejudgment interest between

---

[5] The parties have not challenged my Opinion and Order on the *calculation* of Prejudgment Interest, or any aspect of Post-Judgment Interest. On December 16, 2025, I also entered an Opinion and Order on Plaintiffs' Motion for Costs, which the parties have not challenged.

Defendants.

On December 19, 2025, Defendant Winder wrote to the Court and argued that there should be no prejudgment interest with respect to him based on the 10% liability assigned to him by the jury, or, in the alternative, Defendants should be treated equally with prejudgment interest applying to both.

On December 19, 2025, Defendant McConnell wrote to the Court and argued that Plaintiff is not entitled to any prejudgment interest against him.

On December 19, 2025, Defendant Winder filed his Notice of Appeal to the Delaware Supreme Court in this case, *Shequita Truitt v. Bryan Winder, et al.*, and an Amended Notice of Appeal was filed on December 22, 2025. On December 23, 2025, the Supreme Court issued a Notice to Show Cause by January 2, 2026, why the appeal should not be dismissed pursuant to Supreme Court Rule 29(b) for defendant Winder's failure to comply with Rule 42 when taking an appeal from an apparent interlocutory order.

December 24, 2025, I wrote to all counsel for the parties and advised that I had no jurisdiction to consider their claims regarding prejudgment interest while the appeal was pending before the Supreme Court.

On January 23, 2026, the Supreme Court dismissed the appeal as interlocutory without prejudice as to any future appeal following the entry of

final judgment by this Court. Now that I have regained jurisdiction, this is my Opinion and Order on Prejudgment Interest.

## ARGUMENTS OF PARTIES

**Defendant Winder**

Defendant Winder argues in the alternative. First, he argues that there should be no prejudgment interest permitted in the case at all. The only demand pursuant to 6 *Del. C.* § 2301(d) made to Defendant Winder was for $300,000.00. Because the jury determined that Mr. Winder was only l0% responsible for the damages, with an agreed $1,368,069.44 total judgment, Defendant Winder's portion of the damages would be $136,806.94, which is less than the $300,000 demand Plaintiffs filed. Because he has a crossclaim against Defendant McConnell for contribution and indemnification, argues Defendant Winder, the only amount owed directly to Plaintiff is $136,806.94.

In the alternative, Defendant Winder argues that, even if Delaware law allows prejudgment interest attached based on the overall judgment against Defendant Winder and Defendant McConnell as joint tortfeasors, as opposed to the individual liability of the two Defendants, then the liability for prejudgment interest should be shared with Defendant Winder by Defendant McConnell.

7

Although the judgment against Defendant Winder was less than the demand by Plaintiffs, he argues that I should not treat the two Defendants differently. Because he has a crossclaim against Defendant McConnell, there should be a right of contribution and indemnification against Defendant McConnell for prejudgment interest as well.

**Defendant McConnell**

Defendant McConnell argues that Plaintiffs are entitled to no prejudgment interest against him. He offered his insurance policy limits in an attempt to resolve the litigation, but his offer was not accepted, and no statutory demand was ever made on him.

ANALYSIS

6 *Del. C.* § 2301(d) provides:

> In any tort action for compensatory damages in the Superior Court or the Court of Common Pleas seeking monetary relief for bodily injuries, death or property damage, interest shall be added to any final judgment entered for damages awarded, calculated at the rate established in subsection (a) of this section, commencing from the date of injury, provided that prior to trial the plaintiff had extended to defendant a written settlement demand valid for a minimum of 30 days in an amount less than the amount of damages upon which the judgment was entered.

Thus, if the settlement demand on a defendant is less than the amount of damages awarded by the jury against that defendant, the plaintiffs can recover prejudgment interest.

The purpose of this statute is to promote earlier settlement of claims by encouraging parties to make fair offers sooner, with the effect of reducing court congestion.[6]

In *Christiana Care Health Services, Inc. v. Crist*,[7] plaintiffs brought a survival and wrongful death action against a doctor and Christiana Care Health Services ("CCHS"). Plaintiffs alleged that the doctor and CCHS were negligent in the professional care provided to a patient during his stay at the hospital following hip surgery. A Superior Court jury found that both the doctor and CCHS were negligent, that their negligence was a proximate cause of the patient's death and awarded damages of $2 million in favor of plaintiffs. The jury attributed 40 percent of the fault to the doctor and 60 percent of the fault to CCHS.

Prior to trial, plaintiffs made a settlement offer to the doctor and CCHS for $1.25 million each, which both parties rejected. The trial judge found that

---

[6] *Rapposelli v. State Farm Mut. Auto. Ins. Co.*, 988 A.2d 425 (Del. 2010).
[7] 956 A.2d 622 (Del. 2008).

the combined settlement offer ($2.5 million) exceeded the $2 million award of damages by the jury and denied prejudgment interest. While the trial judge acknowledged that plaintiffs could collect the entire $2 million jury award from each defendant, he found that the apportionment of the jury verdict demonstrated that each individual defendant's liability did not exceed the settlement demand. The trial judge found that the apportionment of the jury verdict was less than the settlement demand to the individual tortfeasors and denied prejudgment interest. In reaching this decision, the trial judge focused on the total amount of the two settlement offers.

The Delaware Supreme Court reversed and remanded, and held that an award of prejudgment interest was required under 6 *Del. C.* § 2301(d) because plaintiffs' settlement offer to the doctor of $1.25 million, and its separate settlement offer to CCHS of $1.25 million, were each for an amount less than the amount of the $2 million judgment entered against them jointly and severally, notwithstanding the right of contribution between joint tortfeasors.[8]

---

[8] In the event a party pays more than its pro rata share of the "common liability," it may recover contribution from another joint tortfeasor. *See* 10 *Del. C.* § 6302.

The Supreme Court interpreted 6 *Del. C.* § 2301(d) consistent with its interpretation of Rule 68 relating to offers of judgment.[9] In ruling on the trial judge's statutory interpretation *de novo,*[10] the Court explained that "[a]lthough a defendant may still phrase an offer of settlement as a collective one to multiple plaintiffs, an award of costs is only available under Rule 68 where the offer is formally apportioned among each of the plaintiffs individually."[11] The $2 million judgment in favor of plaintiffs was a common liability of both the doctor and CCHS. Thus, plaintiffs may collect upon the full amount of the judgment from either tortfeasor. The written settlement demand for each tortfeasor was for less than $2 million.[25] Although a jury apportionment of fault affects contribution among joint tortfeasors, it does not change the common liability of each tortfeasor to plaintiffs for the entire amount of the judgment. The plain language of 6 *Del. C.* § 2301(d) requires that prejudgment interest be awarded when the settlement demand was less than the amount of damages upon which

---

[9] *See* Super Ct. Civ. R. 68, which provides in relevant part: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

[10] *Leatherbury v. Greenspun,* 939 A.2d 1284, 1288 (Del. 2007).

[11] *Cahall v. Thomas*, 906 A.2d 24, 27 (Del. 2006).

the judgment was entered, regardless of how the jury apportioned fault among the joint tortfeasors for purposes of contribution.

Under *Crist*, I would ordinarily agree with Defendant Winder that the liability for prejudgment interest should be shared by Defendant Winder and Defendant McConnell. Although the percentage jury verdict against Defendant Winder was less than the $300,000 settlement demand by Plaintiffs, Defendant Winder has a crossclaim against Defendant McConnell. Thus, ordinarily Defendant Winder would have a right of contribution and indemnification against Defendant McConnell for prejudgment interest, and I would not treat the two Defendants differently.

However, Defendant McConnell must be liable to plaintiffs for prejudgment interest under 6 *Del. C.* § 2301(d) in the first place. As he points out in his argument, he is not. He offered his policy limits in an attempt to resolve the litigation, but it was not accepted, and no settlement demand was ever made. Defendant McConnell cannot be punished by assessing prejudgment interest against him when no settlement demand was made by Plaintiffs. To hold otherwise would contravene the purpose and intent of the statute.

In *Crist*, the same demand was made to both Defendants, and neither Defendant agreed to offer the amounts demanded. In this instance, no demand was ever made upon Defendant McConnell. Therefore, 6 *Del. C.* §2301(d) was never triggered as to Defendant McConnell, and no prejudgment interest can be awarded.

## CONCLUSION

For the reasons discussed above, the statutory liability for prejudgment interest rests solely upon Defendant Winder. Using the calculations contained in my December 16, 2025, Opinion and Order with respect to Plaintiffs' Motion for Prejudgment and Post-Judgment Interest, and Defendant Winder's Response thereto, the parties are directed to submit an Order consistent with this Opinion.

**IT IS SO ORDERED**.

/s/ Craig A. Karsnitz
Craig A. Karsnitz

cc:  Prothonotary
     Tasha M. Stevens-Gueh, Esquire

13