PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1743

_____

ROBERTO LIMA,

Appellant

v.

NEWARK POLICE DEPARTMENT; GARRY
MCCARTHY; SAMUEL DEMAIO; LYDELL JAMES;
JOSE ALICEA; LIEUTENANT MICHAEL LATORRE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 08-cv-00426)
District Judge:  Honorable Faith S. Hochberg

_____

Argued February 14, 2011
Before:  SLOVITER, HARDIMAN and
ALDISERT, *Circuit Judges*.

(Filed:  July 19, 2011)

Baher A. Azmy [Argued]
Lori D. Tully
Seton Hall Law School
833 McCarter Highway
Newark, NJ 07102-0000

Edward L. Barocas
American Civil Liberties Union of New Jersey Foundation
89 Market Street
P.O. Box 32159
Newark, NJ 07102-0000
    *Attorneys for Appellant*

Gary S. Lipshutz [Argued]
City of Newark
Department of Law
Room 316
920 Broad Street
Newark, NJ 07102-0000
    *Attorneys for Defendant-Appellee Newark Police*
    *Department and Garry McCarthy*

Brooke Bagley
Ronald J. Ricci
300 Lackawanna Avenue
Suite 5
Little Falls, NJ 07424
    *Attorneys for Defendants Jose Alicea*
    *and Michael Latorre*

Monica Y. Cho
Law Offices of Bhalla & Cho

2

333 Washington Street
Suite 203
Jersey City, NJ 07302
    *Attorney for Appellees Lydell James
    and Samuel DeMaio*

———————

OPINION OF THE COURT

———————

HARDIMAN, *Circuit Judge*.

Rule 68 of the Federal Rules of Civil Procedure is intended to promote the amicable resolution of cases. Although it usually serves its intended purpose, Rule 68 presents a trap for the unwary. This trap manifests itself most frequently when a defendant erroneously believes that an accepted Rule 68 offer of judgment finally resolves a civil action, only to be assessed substantial attorney's fees and costs thereafter by the court.

In this appeal, Plaintiff Roberto Lima argues that the Rule 68 offer of judgment he accepted did not include attorney's fees and costs. As in many cases, the question is significant because counsel for Lima seek fees well in excess of the value of his settled claims.

I

3

A

The historical facts of this case are incidental to the issue presented on appeal, so we summarize them only briefly. In September 2007, a photographer working for Lima's Portuguese-language newspaper, *Brazilian Voice*, discovered and photographed a decomposed body covered by debris in the Ironbound section of Newark, New Jersey. Lima reported the incident to police and showed them the crime scene. At the crime scene, two police officers allegedly intimidated Lima and the photographer, seized the camera, and ordered Lima not to publish any photographs of the scene. At the precinct office, Lima gave police a statement but refused to turn over the original photographs (though he offered to make copies for them). Lima further alleged that he was handcuffed and released from custody only after he agreed to turn over all copies of the photographs. The police then followed him to his office where they seized CDs containing digital copies of the pictures.

In January 2008, Lima filed suit in New Jersey District Court against the Newark Police Department and certain police officers. He amended his complaint once to add an additional officer, and then again, in January 2009, adding Police Director Garry McCarthy, another officer, and a *Monell* claim against the City of Newark (collectively, Newark).

Lima's second amended complaint stated seven causes of action arising under both federal and state law and concluded with a "**PRAYER FOR RELIEF**" stating:

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants as follows:

(a) Compensatory and consequential damages in an amount to be determined at trial;

(b) Punitive damages on all claims allowed by law, in an amount to be determined at trial;

(c) Attorney's fees and costs associated with this action;

(d) Any further relief as this Court deems just and proper and any other relief as allowed by law.

B

Before discovery commenced, and before filing his second amended complaint, Lima offered to settle the case for "$85,000, and [an] admission of the event; an apology; and consent to training." After some discovery, the filing of the second amended complaint, further settlement negotiations, and a failed attempt at mediation—during which Lima's demand went as high as $150,000 and Newark's offer went as high as $50,000—Newark made a Rule 68 offer of judgment (Offer). The Offer was attached to a November 8, 2009 email stating: "Attached is an Offer of Judgment from the City of Newark and Garry McCarthy. The offer is, however, as to all defendants and all claims. The City makes this offer with the

5

intention and expectation that, if accepted, this litigation will be resolved in its entirety." The Offer itself stated:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants City of Newark (and improperly pled "Newark Police Department"), and Garry McCarthy, hereby offers [sic] to allow Judgment to be entered against these defendants in this action in the amount of $55,000.00, including all of Plaintiff's claims for relief against all defendants, including those not represented by this counsel. This offer of judgment is made for the purposes specified in Federal Rule of Civil Procedure 68, and is not to be construed as either an admission that any of the defendants are liable in this action, or that the Plaintiff has suffered any damage. This Offer of Judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs (which includes counsel fees that could be awarded pursuant to statute).

Lima timely accepted the Offer and simultaneously filed a request for judgment seeking "judgment against Defendants in the amount of $55,000, with costs to be taxed by the Court upon application by Plaintiff pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988." Upon receiving Lima's acceptance of the Offer, Newark promptly wrote to the Magistrate Judge assigned to the case, stating:

> Just to be clear, the Defendants' Offer of Judgment was for 'all of Plaintiff's claims

6

against all defendants.' There should be no confusion about any remaining claims, whether for costs or anything else; no such claims remain. But if there is any confusion, let me clarify that the Defendants' Offer of Judgment was not designed to expose the citizens of the City of Newark to any further expense other than the $55,000 offered.

If the Plaintiff intends to seek costs and attorneys fees, the Defendants seek immediate relief and clarification from Your Honor.

Lima's counsel responded the next day, countering Newark by asserting: "The Offer and Plaintiff's Acceptance are binding, so that the only remaining question for resolution is the amount of costs and fees to which Plaintiff is entitled."

After receiving the aforementioned correspondence, the Magistrate Judge ordered counsel to meet and confer, but they were unable to come to an agreement. Because the parties could not resolve the dispute over fees without judicial intervention, the District Court ordered briefing on the matter and, on February 22, 2010, entered an order: (1) granting Lima's "Request for Judgment in the amount of $55,000" and (2) denying his "Request to File an Application for Attorneys' Fees . . . because . . . the Offer of Judgment included attorneys' fees." *Lima v. Newark Police Dep't*, No. 08-426, slip op. (D.N.J. Feb. 22, 2010) (*Lima*).

In support of its decision, the District Court reasoned that "Newark was not silent as to costs, but rather used three different phrases to state that the offer was a lump sum, single offer to cover all claims in the case and end the litigation

7

while specifically disclaiming any liability." *Id.* at 2-3. The three phrases the District Court found significant were:

> (1) 'Judgment to be entered against these defendants in this action in the amount of $55,000, including all of Plaintiff's claims for relief against all defendants,' in the Offer of Judgment, [which] explicitly covers Prayer for Relief subpart (c) in the Complaint which claims the following relief: '(c) attorney's fees and costs associated with this action';
>
> (2) 'This . . . is not to be construed as either an admission that any of the defendants are liable in this action, or that the Plaintiff has suffered any damage,' in the Offer of Judgment [, which] is a statement that disclaims plaintiff as a "prevailing party" under *Buckhannon* principles;
>
> (3) '[I]f accepted, this litigation will be resolved in its entirety,' in the email conveying the Offer, [which] further confirms that Newark's offer precludes additional litigation regarding whether Plaintiff is a "prevailing party" to earn an attorney's fee award;

*Id.* For these reasons, the District Court held that the "Offer of Judgment, as accepted, is inclusive of costs and fees." *Id.* at 4.

## II

The District Court had jurisdiction over Lima's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367(a). Lima timely appealed the final order of the District Court and we have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

"We have plenary review over both legal questions regarding the interpretation of Rule 68 and the construction of the offer of judgment." *Le v. Univ. of Pa.*, 321 F.3d 403, 406 (3d Cir. 2003).

## III

### A

Rule 68 permits a defendant to include all fees and costs in an offer of judgment. The rule states, in relevant part:

**(a) Making an Offer; Judgment on an Accepted Offer.**

More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, *with the costs then accrued*. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

9

FED. R. CIV. P. 68 (2009) (italics added).[1]

In *Marek v. Chesney*, 473 U.S. 1 (1985), the Supreme Court explained that the phrase "with the costs accrued" means that (1) where the underlying statute defines "costs" to include attorney's fees (as § 1988 does), those fees are included as costs for purposes of Rule 68, *id.* at 10, and (2) defendants can make lump sum offers that do not distinguish between the claim and the costs, *id.* at 6. The Court explained:

> The critical feature of [the portion of Rule 68 stating that a defendant may make an offer "with costs then accrued"] is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.* In other words, the drafters' concern was not so much with the particular components of offers, but with the *judgments* to be allowed against defendants. If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs . . . .

---

[1] Rule 68 was amended December 2009 to change the timeframe from 10 to 14 days.

*Id.* (italics in original, underline added).

In *Le v. University of Pennsylvania*, 321 F.3d 403 (3d Cir. 2003), we had occasion to apply *Marek* to a Rule 68 offer of judgment. There, we stated: "the Supreme Court . . . found that '[a]s long as the offer does not implicitly or explicitly provide that the judgment does not include costs' an offer is valid and presumes the defendant will pay costs." *Id.* at 409 (quoting *Marek*, 473 U.S. at 6) (alteration in original). Accordingly, we held that a Rule 68 offer of judgment "for the total amount of $50,000, plus costs then accrued" unambiguously stated an offer of $50,000 plus costs to be determined by the court because the "plain language of the offer dictates the result," even though another part of the offer stated that "'the offer [of $50,000 plus costs] shall represent and fix the total liability of the [defendants] for any and all of plaintiff's loss, claims, damages, costs, attorneys' fees, or any other amounts or expenses recoverable, or potentially recoverable, in this action.'" *Id.* (alterations in original).

*Le*'s holding was based on *Marek* and on principles embodied in our prior cases interpreting settlement offers, decided both before and after *Marek*. Before *Marek*, we held that a suit for attorney's fees is foreclosed only when expressly stipulated in the settlement agreement: "If the parties cannot agree on counsel fees and the losing party wishes to foreclose a suit . . . for attorneys fees, it must insist that a stipulation to that effect be placed in the settlement agreement." *El Club Del Barrio, Inc. v. United Cmty. Corps.*, 735 F.2d 98, 101 (3d Cir. 1984). We rejected a "silence equals waiver" rule and held that "extrinsic evidence such as the course of negotiations" is irrelevant. *Id.* at 100. *See also Torres v. Metro. Life Ins. Co.*, 189 F.3d 331, 333 (3d Cir. 1999) (applying the same rule post-*Marek*).

After *Marek* was decided, we considered whether a plaintiff was entitled to attorney's fees under § 1988 following a non-Rule 68 settlement offer. *Ashley v. Atl. Richfield Co.*, 794 F.2d 128 (3d Cir. 1986). In *Ashley* we noted:

> Where the plaintiff does so prevail, however, in the absence of an express waiver, she will be deemed to have retained her statutory right to an award of reasonable attorney's fees. Therefore, where a defendant seeks to settle its total liability on a claim, it shall be incumbent upon the defendant to secure an express waiver of attorney's fees. Silence will not suffice.

*Id.* at 138-39. Although the settlement offer in *Ashley* did disclaim liability for "costs," we held that it was not controlled by *Marek* because the settlement offer was not made pursuant to Rule 68. *Id.* at 140-41 (citing *Marek*, 473 U.S. at 6).

Similarly, in *Torres* we held that a plaintiff was entitled to attorney's fees after a non-Rule 68 settlement agreement, despite an extensive release of

> all claims, charges, or demands asserted or assertable in the Pending Lawsuit, and all claims, charges, or demands arising from or relating to Plaintiff's relationship of any kind with the Released Parties, including without limitation any rights or claims Plaintiff may have under Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

12

189 F.3d at 333. We determined that this language did not "'clearly' waive plaintiff's right to attorney's fees." *Id.* at 333 n.3 (quoting *El Club Del Barrio*, 735 F.2d at 99). We also held that the "clear import of *El Club Del Barrio* and *Ashley* is that it does not matter whether the parties discussed the issue of attorney's fees or believed the settlement agreement waived such a claim. All that matters is whether the agreement expressly stipulates that the prevailing party's claim for fees is waived. If it does not, then the claim survives." *Id.* at 334.

Our sister courts of appeals have read *Marek* to require that a Rule 68 offer of judgment must explicitly state that costs are included; otherwise those costs must be determined by the court. *See McCain v. Detroit II Auto Fin. Ctr.*, 378 F.3d 561, 564 (6th Cir. 2004) (holding that defendant's "silence on the subject of costs in its Rule 68 offer means that true costs are recoverable," although attorney's fees were not recoverable because the operative statute did not classify them as costs); *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 391-93 (7th Cir. 1999) ("[A]mbiguities in Rule 68 offers are to be resolved against the offerors," but the instant offer—for "judgment in the amount of $56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended complaint" was unambiguous and therefore included costs and fees.); *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998) ("[T]he effect of *Marek* is clear. Rule 68 offers must include costs. If the offer is silent as to costs, the court may award an additional amount to cover them. Where costs are defined in the underlying statute to include attorney's fees, the court may award fees as part of costs as well."); *Erdman v. Cochise County*, 926 F.2d 877, 879-81 (9th Cir. 1991) (holding that a defendant's drafting error

13

failing to explicitly include fees would be held against it and plaintiff could seek additional award of fees); *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212, 1214 (11th Cir. 1997) ("The Supreme Court has held that when a Rule 68 offer is silent as to costs, the district court should award appropriate costs in addition to the amount of the offer.").

In sum, a valid Rule 68 offer of judgment necessarily includes costs and attorney's fees either explicitly or implicitly. When the costs are stated explicitly in the offer of judgment, the offeror is not subject to any additional liability. When, however, the offer of judgment is silent as to fees and costs, they must be fixed by the court after the offer of judgment is accepted. Extrinsic evidence of the parties' subjective intent is not admissible to determine whether a Rule 68 offer of judgment includes costs.

B

Here, the District Court found that Newark's Offer included attorney's fees because it "was not silent as to costs." In concluding that Newark "used three different phrases to state that the offer was a lump sum, single offer to cover all claims in the case and end the litigation while specifically disclaiming any liability," the District Court was influenced by improper considerations and misread the plain language of the Offer. *Lima*, No. 08-426 at 3. Although the District Court's conclusion is understandable inasmuch as it is possible that Newark intended attorney's fees to be included in the Offer, we hold that the District Court committed an error of law because the Offer did not explicitly include attorney's fees or costs.

14

As an initial matter, we note that the District Court erred by considering evidence extrinsic to the Offer in violation of *El Club Del Barrio*, 735 F.2d at 100, and by considering the subjective intentions of the parties in violation of *Torres*, 189 F.3d at 333. The District Court found that the phrase "'if accepted, this litigation will be resolved in its entirety,' *in the email conveying the Offer*, further confirms that Newark's offer precludes additional litigation regarding whether Plaintiff is a 'prevailing party' to earn an attorney's fee award." *Lima*, No. 08-426 at 3 (emphasis added). This was error because an email to which the Offer is attached is extrinsic to the Offer; it does not inform whether the Offer itself explicitly includes fees and costs. *El Club Del Barrio*, 735 F.2d at 100.

In fact, the complete sentence from the email conveying the offer—"The City makes this offer with the intention and expectation that, if accepted, this litigation will be resolved in its entirety."—describes Newark's "intention and expectation," not a term of the Offer. The parties' subjective intentions and expectations are not proper factors to consider when interpreting an offer of judgment. *See Torres*, 189 F.3d at 334 (The "clear import of *El Club Del Barrio* and *Ashley* is that it does not matter whether the parties discussed the issue of attorney's fees or believed the settlement agreement waived such a claim. All that matters is whether the agreement expressly stipulates that the prevailing party's claim for fees is waived. If it does not, then the claim survives."). For the same reason, we give no weight to Newark's argument that various Newark principals filed affidavits stating that they intended fees to be included, while Lima did not file any affidavits as to his subjective understanding of the offer at the time he accepted it.

15

Appellee Br. 28-30 ("[Q]uite simply, neither Plaintiff nor his counsel ever said anything about what they *believed* the Offer of Judgment meant, or did not mean. No one ever said they *believed* it included costs, or that it did not include costs."). Neither the email accompanying the Offer nor the affidavits can be considered because they are extrinsic evidence of the subjective intentions of a party.

Perhaps influenced by these improper considerations, the District Court erred in its reading of the Offer. The Court determined that the phrase "'Judgment to be entered against these defendants in this action in the amount of $55,000, including all of Plaintiff's claims for relief against all defendants,' in the Offer of Judgment, explicitly covers Prayer for Relief subpart (c) in the Complaint which claims the following relief: '(c) attorney's fees and costs associated with this action.'" *Lima*, No. 08-426 at 3. Thus, the District Court found that "claims for relief" included the "Prayer for Relief," even though the "Prayer for Relief" was not part of a particular claim or count in the complaint.

As a matter of law, it cannot be said that the ambiguous, catchall phrase "all of Plaintiff's claims for relief" *explicitly* covers attorney's fees and costs. For that reason, it does not fulfill the requirement established by *El Club Del Barrio*, *Marek*, and *Torres*. Nor is it the most reasonable reading of the phrase in light of Supreme Court precedent. A request for attorney's fees under § 1988 is collateral to the main cause of action and attorney's fees cannot "fairly be characterized as an element of 'relief' indistinguishable from other elements." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 452 (1982). "Unlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action.

16

Their award is uniquely separable from the cause of action to be proved at trial." *Id*.

The District Court also found that the phrase "'[t]his . . . is not to be construed as either an admission that any of the defendants are liable in this action, or that the Plaintiff has suffered any damage,' in the Offer of Judgment is a statement that disclaims plaintiff as a 'prevailing party' under *Buckhannon* principles." *Lima*, No. 08-426 at 3; *see Buckhannon Bd. & Care Home, Inc. v. W. Va. DHHS*, 532 U.S. 598, 603 (2001). The District Court reasoned from this standard disclaimer of liability that "an application for attorneys' fees in this case would require significant additional litigation to determine whether, under the standards developed in [*Buckhannon*] and *Truesdell v. Philadelphia Housing Authority*, 290 F.3d 159 (3d Cir. 2002), Lima would be considered a 'prevailing party' entitled to an award of attorneys' fees in this case." *Lima*, No. 08-426 at 4. In making this determination, the District Court once again appears to have been influenced by Newark's intentions— namely to conclude the litigation—from which it reasoned that Newark could not have meant to leave open the possibility of further litigation regarding Lima's status as a prevailing party. Those intentions should not have been considered, and absent that consideration, we cannot say that the disclaimer of liability was an explicit statement that the Offer included fees and costs.

A "'prevailing party' is one who has been awarded some relief by the court." *Buckhannon*, 532 U.S. at 603. "To be eligible to make a prevailing-party claim under § 1988, the plaintiff must, 'at a minimum, ... be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.'" *Singer Mgmt.*

17

*Consultants, Inc. v. Milgram*, --- F.3d ----, 2011 WL 2342733, at \*4 (3d Cir. 2011) (en banc) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)). "The fact that [a party] prevailed through a settlement rather than through litigation does not weaken her claim to fees." *Maher v. Gagne*, 448 U.S. 122, 129 (1980). "Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated." *Id.* Whether one was the prevailing party depends on whether the resolution resulted in a "judicial action," *Singer*, --- F.3d ----, 2011 WL 2342733, at \*4, that effected a "material alteration of the legal relationship of the parties," *Truesdell*, 290 F.3d at 163 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). "'[T]he degree of the plaintiff's overall success goes to the reasonableness of the award . . . not to the availability of a fee award *vel non*.'" *Truesdell*, 290 F.3d at 166 (quoting *Tex. State Teachers*, 489 U.S. at 782). Thus, the Offer's disclaimer of liability does not establish that it included fees and costs, particularly because Lima's status as a putative prevailing party was to be made *after* the District Court determined whether the Offer included fees, and should not have been considered in making that determination in the first instance. *Id.*

Here, the Offer was valid and was silent as to fees and costs. That fact begins and ends our analysis. In interpreting a Rule 68 offer of judgment, courts must not consider extrinsic evidence or the intentions of the parties. Nor can they allow their awareness of such irrelevant facts to

influence their interpretations of the plain language of the Offer.[2]

---

[2] Newark argues that even if the District Court erred, Lima waived his right to appeal because he invited the error. After the Offer had been accepted, and while the parties were disputing the issue of attorney's fees, they also disagreed about whether Lima should undergo an independent medical examination. In a joint letter regarding re-scheduling the independent medical examination, Lima wrote:

> Plaintiff will receive either (a) $55,000 *in toto* or (b) $55,000 plus reasonable costs and attorneys [sic] fees. Though Defendants offered to withdraw the Offer following Plaintiff's acceptance, Plaintiff declined, willing to accept either possibility as ordered by the Court.

The doctrine of "invited error" refers to "[a]n error that a party cannot complain of on appeal because the party, through conduct, encouraged or prompted the trial court to make the erroneous ruling." BLACK'S LAW DICTIONARY 622 (9th ed. 2009). That is to say, "[w]hen a litigant takes an unequivocal position at trial, he cannot on appeal assume a contrary position simply because the decision in retrospect was a tactical mistake, or perhaps a candid but regretted concession." *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116-17 (3d Cir. 1992). Lima's representation in the joint letter was neither "an unequivocal position" on this issue nor an invitation to the District Court to rule against him. Therefore, Lima did not waive the issue or invite the District Court's error.

19

## IV

For the foregoing reasons, we will reverse the order of the District Court and remand the matter for a determination of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.