IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PAUL HAMILTON,                         :
                                       :    C.A. No. K16C-03-012 WLW
            Plaintiff,                 :    Kent County
                                       :
     v.                                :
                                       :
                                       :
NATIONWIDE MUTUAL FIRE                 :
INSURANCE COMPANY, a                   :
foreign corporation,                   :
                                       :
            Defendant.                 :


Submitted: September 28, 2018
Decided: November 16, 2018


# ORDER

Plaintiff's Motion for Allowance of Attorney's Fees and Costs
*Granted.*


William D. Fletcher, Jr., Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware, attorney for the Plaintiff.

Louis J. Rizzo Jr., Esquire of Reger, Rizzo, and Darnall LLP, Wilmington, Delaware, attorney for the Defendant.


WITHAM, R.J.

Upon consideration of the Motion for the Allowance of Attorneys' Fees and Costs filed by the Plaintiff, Paul Hamilton, pursuant to 18 *Del. C.* § 4102 and Del. Super. R. 54(d) (Rule 54(d)), the opposition of the Defendant, Nationwide Mutual Fire Insurance Co., and the record of the case, it appears that:

1. On January 23, 2015, the Defendant issued a Homeowner's Insurance policy[1] to the Plaintiff for coverage of his dwelling. The insurance policy's maximum payout was $252,600 under Section I, Coverage A of the policy.

2. On or about March 17, 2015, a fire damaged the Plaintiff's dwelling. The Defendant conducted a examination of the damage and estimated the total damages amounted $127,437.03.[2] Initially, the Plaintiff did not further object to or question the repair figures computed by the Defendant.

3. The Defendant issued a check to the Plaintiff for $127,437.03, less deductibles and reserves. However, the Plaintiff then rejected the Defendant's estimate, and demanded the policy's maximum payout, prompting the present action[3] before the Court.

4. After a lengthy procedural history, including a Pre-Trial stipulation that included the Plaintiff's request for costs and attorneys' fees,[4] the Defendant extended

---

[1] Nationwide Insurance Policy Number 52 07 MP 121911.

[2] Pre-Trial Stipulation and Order at 1.

[3] The Plaintiff agreed with his attorneys to a contingent fee arrangement.

[4] Pre-Trial Stipulation and Order at 2.

a $30,000 offer of judgment to the Plaintiff[5] pursuant to Delaware Superior Court Rule 68 (Rule 68). However, the Rule 68 offer was silent regarding any reference to attorneys' fees and other costs being included as part of the $30,000. Nevertheless, the Plaintiff immediately accepted and filed with the Court on the same day.

5. Two weeks later, on June 14, 2018, the Plaintiff filed the present motion for allowance of attorneys' fees and costs pursuant to section 4102 and Rule 54(d). In response to the Defendant's reply, the Plaintiff later supplemented their motion with a certification concerning their attorneys' fees totaling $41,725.00.[6] The requested amount for costs amounted to $1,389.75.

6. "In an action at law, attorneys' fees will not be awarded unless clearly provided for by statute or contract."[7] Here, the applicable Delaware statute authorizing attorney's fees as costs in insurance cases is a fee shifting statute, 18 *Del. C. §* 4102. Section 4102 provides:

> [t]he Court upon rendering judgment against any insurer upon a policy of property insurance as 'property' insurance is defined in [18 *Del. C.*] *§* 904[8] [ ], *shall allow the plaintiff a reasonable sum* as attorney's fees to be taxed as

---

[5] The Defendant's offer was procedurally made in accordance with Rule 68.

[6] Plaintiff's Certification of Attorneys' Fees at 2. This figure was based on the hourly rates of $375.00 for Mr. William D. Fletcher, Jr., Esq. encompassing 54.4 hours and $250.00 for Ms. Dianna E. Louder, Esq. for 83.5 hours.

[7] *Honaker v. Farmer's Mutual Ins. Co.*, 313 A.2d 900, 904 (Del. Super. Nov. 5, 1973) (citing *Great American Indemnity Co. v. State,* 88 A,2d 426 (Del. 1952)).

[8] The Plaintiff's home qualifies as "property" in accordance with 18 *Del. C. §* 904.

part of the costs."[9]

7. Pursuant to Rule 54(d), the recovery of costs by the prevailing party shall be allowed upon application to the Court within ten days of the final judgment's entry. Here, the Plaintiff's application was timely and thus the Court has discretion to award those costs that often include filing and other service fees.[10]

8. Rule 68 authorizes a defendant to make an offer of judgment and is modeled after the Federal Rules of Civil Procedure Rule 68.[11] Rule 68 encourages settlements between opposing parties to avoid litigation by prompting parties to balance the risks and costs of litigation against the likelihood of success at trial.[12] The rule provides:

> [a]t any time more than [ten] days before the trial begins a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within [ten] days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the Clerk shall enter judgment.[13]

9. The crux of the Plaintiff's argument is straight forward. The Defendant did

---

[9] 18 *Del. C. § 4102* (emphasis added).

[10] *Arroyo v. Allstate Insurance Group*, 2017 WL 2930925, at *1 (Del. Super. July 6, 2017).

[11] *Baker v. Hamm*, 2004 WL 43230, at *1 (Del. Super. Jan. 6, 2004).

[12] *Cahall v. Thomas*, 906 A.2d 24, 26 (Del. 2006) (citing *Marek v. Chesny*, 473 U.S. 1, 5 (1985).

[13] Super. Ct. Civ. R. 68.

not specifically include attorneys' fees and costs in its Rule 68 offer, therefore the Plaintiff is entitled to both pursuant to section 4102 and Rule 54(d).

10. As a preliminary matter however, the Court must address the Defendant's counter-argument that attorneys' fees and costs were always a part of the parties' negotiations throughout the process and were included in the Rule 68 offer of judgment. In the alternative, the Defendant urges the Court to void the Rule 68 agreement due to the lack of a "meeting of the minds." In support, the Defendant cites *Ceccola v. State Farm Mut. Auto. Ins. Co.*,[14] a case where the Delaware Supreme Court reversed the lower court and voided a Rule 68 offer of judgment.[15]

11. However, the Defendant's reliance on *Ceccola* appears to be misplaced. In fact, our Supreme Court's reversal was based on facets of that case not found in the present case. First, while both cases involve a Rule 68 offer and acceptance, in *Ceccola*, the plaintiff realized a mistake in the agreement and revoked acceptance, both verbally and via email.[16] In our case, there was no revocation of acceptance by the Plaintiff. Second, the defendant in *Ceccola* manipulated the Court by deceiving the Prothonotary and filing the earlier acceptance; turning a previously extinguished contract into a final judgment.[17] In this case, no such "manipulation of court

---

[14] 58 A.3d 982 (Table), 2012 WL 3029546 (Del. 2012).

[15] *Ceccola,* 2012 WL 3029546, at *3.

[16] *Id.*

[17] *Id.*

processes" occurred that would suggest voiding the Rule 68 agreement.[18] In short, *Ceccola* is less a "meeting of the minds" case and more a case about an attorney's unethical and possibly fraudulent behavior.

12. It is clear to the Court, based on the record, including the Pre-Trial Stipulation, that both parties were aware that the Plaintiff sought costs and attorneys' fees pursuant to 18 *Del. C. §* 4102.[19] Thus, both parties were on notice of the Plaintiff's intentions and the record is silent to anything to the contrary that would suggest a lack of "meeting of the minds."

13. Even if the Court was convinced by the Defendant's argument and found that there had been no "meeting of the minds" regarding the Defendant's Rule 68 offer of judgment, the Court is (1) persuaded by legal precedent that holds ambiguities in Rule 68 offers are construed against the offeror[20] and (2) bound by legal precedent that holds the offeror responsible for specifying Rule 68 offer of judgments to include costs and attorneys' fees.[21]

14. In *Marek*,[22] the Supreme Court of the United States (SCOTUS) held that

---

[18] *Ceccola*, 2012 WL 3029546, at *3.

[19] Pre-Trial Stipulation and Order at 2.

[20] *Allen v. Freeman*, 2016 WL 775788, at *2 (S.D.G.A. Feb 25, 2016)(citing *Lima* v. Newark Police Dep't., 658 F.3d 324, 333 (3rd Cir. 2011) (the Third Circuit found the defendant's offer ambiguous, interpreted it against the offeror, and held that the offer did not include costs.)).

[21] *Marek v. Chesny*, 473 U.S. 1 (1985).

[22] *Id.*

costs under Fed. R. 68 included fees where the underlying fee shifting statute defined costs as inclusive of attorneys fees, and are recoverable.[23] SCOTUS further acknowledged:

> [i]f an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs. If, on the other hand, *the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs.*[24]

15. In support of his position, the Plaintiff cites several post *Marek* federal cases that applied *Marek* and contends that Delaware courts apply Rule 68 as its federal counterpart is applied by virtue of Rule 68 being modeled after the former.[25] In one of those cases, *Lima*,[26] the Court stated:

> [T]he [o]ffer was valid and was silent as to fees and costs. *That fact begins and ends our analysis.*[27] In interpreting a Rule 68 offer of judgment, courts must

---

[23] *Marek,* 473 U.S. at 9.

[24] *Marek,* 473 U.S. at 6 (citing *Delta Air Lines, Inc. v. Augusta,* 450 U.S. 346, 362, 365 (1981) (Powell, J., concurring) (emphasis added)).

[25] The Plaintiff cites 10 cases in support of his position but only *Marek* was cited by a Delaware court. Nevertheless, the Plaintiff correctly states that Rule 68 is constructed and applied by Delaware courts in a similar fashion to its federal counterpart. *See also Baker,* 2004 WL 43230, at *1 (the Superior Court applying Rule 68's ten day interval in the same way as the federal rule).

[26] 658 F.3d 324 (3rd Cir. 2011).

[27] *Lima,* 658 F.3d at 333 (emphasis added).

not consider extrinsic evidence or the *intentions of the parties*.[28]

16. Delaware courts have applied Rule 68 in both the pre and post *Marek* legal landscapes. In *Ferrari v. New Castle Mut. Ins. Co.*,[29] a pre-*Marek* case, the plaintiff brought a claim under section 4102 after accepting a Rule 68 offer of judgment.[30] However, the Rule 68 offer failed to mention attorney's fees.[31] In denying Ferrari's motion for attorneys' fees, Judge Balick held that "costs then accrued" referred to costs routinely allowed to a prevailing party and entered by the Prothonotary, but not attorney's fees when *they are not mentioned in the Rule 68 offer or acceptance*.[32]

17. In post *Marek* cases however, Delaware courts appear to have shifted its application of Rule 68 to align with its sister federal district courts. For example in *Adams*, a case similar to both *Ferrari* and our present case, Nationwide (ironically the defendant in that case) refused to pay the plaintiff under the terms of an insurance policy involving the plaintiff's damaged vehicle.[33] During the negotiations between the parties, Nationwide made a Rule 68 offer of judgment under the following terms:

The defendant, Nationwide Insurance Company, pursuant to Court of Common

---

[28] *Id.* (Emphasis added).

[29] 1977 WL 182509 (Del. Super. Apr. 29, 1977).

[30] *Ferrari*, 1977 WL 182509, at *1.

[31] *Id.* at *1.

[32] *Id.* (Emphasis added).

[33] *Adams v. Nationwide Ins. Co.*, 1986 WL 716911, at *1 (Del. Com. Pl. April 25, 1986).

Pleas Civil Rule 68, hereby offers to allow judgment to be taken against it in the amount of $3,700.00, together with *[c]ourt costs accrued* to the time of the making of this offer. If this offer is not accepted within ten [ ] days and the ultimate result is not more favorable than this offer, *all [c]ourt costs*, including expert witness fees, incurred subsequent to the making of this offer shall be taxed to the plaintiffs."

Again, the Rule 68 offer was silent regarding the inclusion of attorneys' fees.[34] As in our case, the plaintiffs promptly filed acceptance and judgment was entered. Four days later, the plaintiffs filed for attorneys' fees pursuant to section 4102.[35] Judge Trader, in *Adams*, found for the plaintiff and held:

Since [section] 4102 includes attorney's fees as a "part of costs," a Rule 68 offer of judgment providing for "costs then accrued" must be read to include "*costs and attorney's fees then accrued.*"[36]

18. In this case, the Defendant's Rule 68 offer of judgment stated the following:

Pursuant to Superior Court Civil Rule 68, Defendant Nationwide...offers to allow judgment to be entered against it in the above-captioned matter in the amount of [ ] $30,000.00. This offer of judgment is made solely for the purposes specified in Rule 68 and is not to be construed as an admission that the Defendant is liable in this action or that the Plaintiff has suffered damage.[37]

---

[34] *Id.*

[35] *Adams*, 1986 WL 716911, at *1.

[36] *Id.* at *2 citing Del. Com. Pl. R. 68 (emphasis added.)

[37] Louis J. Rizzo, Esq., Offer of Judgment, Nationwide to Hamilton, June 1, 2018.

As in *Adams* and *Lima*, nowhere in the present Rule 68 offer is any mention of attorneys' fees or costs. Following precedent established in *Marek* and its progeny, the plaintiff is entitled to those fees and costs.

19. Delaware's legislative will is clear and is supported by *Marek* and its progeny. Rule 68 offers of judgment must state the inclusion of attorneys' fees and costs in the offer amount, if those are to be included. Since Delaware courts apply Rule 68 in the same fashion as its federal counterpart, the fact that the Defendant did not specifically state attorneys' fees and other costs were included, *ends our analysis*[38] regarding whether the Plaintiff is entitled to attorneys' fees and costs.

20. The Court now turns its analysis towards establishing what portion of the requested attorneys' fees and costs are "reasonable."[39]

21. The Court will first address the Plaintiff's request for costs pursuant to Rule 54(d). In this case, the costs will be awarded to the Plaintiff. The Plaintiff submitted documentation supporting their costs and, upon examination, none of those appear to be unreasonable. Also of note, the Plaintiff has not requested costs that accrued after the acceptance of the Rule 68 offer on June 1, 2018. This suggests to the Court that the Plaintiff is not attempting to recover unauthorized costs. Most importantly, the Defendant has not directly objected to the Plaintiff's motion for costs.[40] As a

---

[38] *Lima*, 658 F.3d at 333.

[39] 18 *Del. C. §* 4102.

[40] D. Reply at 5. The only time Defendant addresses the additional costs is when they state filing and service fees "might be recoverable as Rule 54 costs" based on the offer of judgment.

result, the Court exercises its discretional authority and awards the Plaintiff costs of $1,389.75.

22. Turning to the question of reasonable attorneys' fees, the Court also has discretion in awarding reasonable fees under section 4102[41] that are within the scope of the statute.[42] Here, based on application of the *Cox*[43] factors, the Court will award reasonable attorneys' fees to the Plaintiff.[44]

23. But, the Court must determine what amount of the requested fees are reasonable.[45] The Delaware Rules of Professional Conduct provide factors to consider

---

[41] *Nassau Gallery Inc. v. Nationwide Mut. Fire Ins. Co.*, 2003 WL 22852242, at *2 (Del. Super. Nov. 18, 2003) (citing *Heil v. Nationwide Mutual Insurance Co.*, 371 A.2d 1077, 1078 (Del. 1977)).

[42] *United States Auto Ass'n Properties Fund, Inc. v. Burns*, 640 A.2d 655 (Table), 1994 WL 91128, at *2 (Del. 1994).

[43] *General Motors Corp. v. Cox*, 304 A.2d 55 (Del. 1973).

[44] The Court is displeased with the apparent lack of communication by the Plaintiff after the Rule 68 offer was tendered to him and agrees with the Defendant that the Plaintiff has had a "gotcha moment."

[45] In considering the reasonableness of the attorneys fees request, the Court has examined 10 *Del. C.* § 3912 for comparison to the present case. Section 3912 provides:
[i]n all causes of action, suits, matters or proceedings brought for the enforcement of any note, bond, mechanics lien, mortgage, invoice or other instrument of writing, if the plaintiff or lien holder in the action, suit or proceeding recovers judgment in any sum, the plaintiff or lien holder may also recover reasonable counsel fees, which shall be entered as a part of the judgment in the action, suit or proceeding. Such counsel fees shall not in any such action, suit or proceeding, exceed 20 percent of the amount adjudged for principal and interest. Such counsel fees shall not be entered as a part of such judgment unless the note, bond, mortgage, invoice or other instrument of writing sued upon, by the terms thereof, expressly provides for the payment and allowance thereof...

in assessing reasonable attorney's fees. Delaware Professional Conduct Rule 1.5(a) requires consideration of the following factors, outlined in *Cox*:

1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

3) the fee customarily charged in the locality for similar legal services;

4) the amount involved and the results obtained;

5) the time limitations imposed by the client or by the circumstances;

6) the nature and length of the professional relationship with the client;

7) the experience, reputation, and ability of the lawyers performing the service;

8) whether the fee is fixed or contingent;

9) the losing party's ability to pay the attorneys' fees; and

10) whether counsel has received or expects to receive compensation from any other source.[46]

---

However, this Court, in *Millcreek Shopping Center, LLC v. Jenner Enterprises, Inc.*, 2017 WL 1282068, at \*5 (Mar. 31, 2017) cited *Concord Steel, Inc. v. Wilmington Steel Processing Co., Inc., et al.*, 2010 WL 571934, at \*2 (Del. Ch. Feb. 5, 2010) aff'd, 7 A.3d 486 (Del. 2010), where the Chancery Court held that "other instrument of writing," refers to writings that evidence a debt, but do not fit squarely within the scope of one of the preceding items. That is, to qualify as an "other instrument of writing" within the meaning of section 3912, a writing would have to evidence a *debtor-creditor relationship*. Here, it does not appear to the Court that section 3912 applies.

[46] *Cox*, 304 A.2d at 57 (stating that there was no logical or policy reason for having different standards or tests for the establishment of "reasonable" counsel fees for a divorce case under 13 *Del. C. § 1531(a)* and a workmen's compensation case under 19 *Del. C. § 2350*).

24. In the past, Delaware courts awarded reasonable attorneys' fees differently. For example, this Court, in *State Farm Mut. Automobile Ins. Co. v. Sanders*[47], affirmed a Court of Common Pleas decision awarding attorneys' fees based on the amount of the claim.[48] The Court rejected the applicant attorney's request of $1,344.70 and awarded him $839.95, precisely the same amount as the claim.[49]

25. More recently, it appears that the Delaware courts have moved towards reasonableness being one-third of the judgment. In *Nassau Gallery*, the Court found requested attorneys' fees totaling $13,862.50, based on a $1,145.00 judgment, were unreasonable[50] and applying the *Cox* factors, determined that a reasonable fee would be $381.67, approximately one-third of the judgment.[51] The Court stated that $13,862.50 in attorneys' fees was unreasonable based on:

1) the amount of attorney's fees requested was more than ten times the amount of the judgment obtained;

2) the issues disputed were not complex and the trial lasted only one day;

3) the legal services provided were typical; and

---

[47] 1978 WL 194986 (Del. Super. July 26, 1978).

[48] *Sanders*, 1978 WL 194986, at *3.

[49] *Id.* at *1.

[50] *Nassau Gallery Inc.*, 2003 WL 22852242, at *4 (stating fee's were unreasonable, even before it considered the *Cox* factors).

[51] *Nassau Gallery Inc.*, 2003 WL 22852242, at *1.

13

4) the judgment rendered was only $1,145.00.[52]

26. In *Manubay*,[53] the Delaware Court of Common Pleas also found that a reasonable attorney's fee for a debt action was one-third of the underlying judgment.[54] The *Manubay* court's award was arrived at due to "the lack of complexity of the case; the relative ease of issues being disputed; the brevity of the trial; the minimal amount of legal services provided; and the amount of the judgment awarded."[55]

27. In this case, the Plaintiff has asked for attorneys' fees that amount to approximately 1.356 times greater than that of the Rule 68 offer. Following a hearing on the Plaintiff's application and Defendant's response, the Court has determined that $30,000 is a reasonable amount for attorneys' fees. In making its determination, the Court has considered the following in connection with each *Cox* factor:

1) the Plaintiff's attorneys expended a total of 54.4 hours billed at $375.00 and 85.3 hours billed at $250.00 per hour. Despite the facts of this case not being unduly complicated, the case has a two and a half year procedural history;

2) despite the Plaintiff's attorneys stating that there "was a high likelihood that

---

[52] *Id.* at *1.

[53] *Manubay v. Stanton Medical Building Condominium Council*, 2000 WL 33275029 (Del. Com. Pl. Jan. 5, 2000) (Although *Manubay* did not discuss section 4102, it examined a similar regulation that contemplated the award of attorneys' fees and the fee's reasonableness.)

[54] *Manubay*, 2000 WL at *2. The Plaintiff in *Manubay* requested attorneys' fees in the amount of $7,500 ($6,300 based 36 hours of work and an additional $1,200 for work in a Justice of the Peace trial) that resulted on a collection of $2,551.14.

[55] *Id.*

the acceptance of this case would preclude other employment based on the number of hours dedicated to this litigation," the attorneys do not state actual client preclusion or other negative impact/s their dedication to the present litigation has resulted in;

3) the fees charged by the Plaintiff's attorneys are within the range of fees customarily charged by attorneys of like experience in Kent County;

4) the Plaintiff's economic interests were advocated for, resulting in the Rule 68 settlement acceptance of $30,000;

5) the time limitations presented by the Plaintiff's insurance policy required the Plaintiff to file a claim within one year and was further expedited due to the Plaintiff's living and mortgage situation;

6) the Plaintiff was represented by the same counsel for over two and a half years, however, there may be issues of fact regarding the reasons behind the litigation's delay;

7) the Plaintiff's attorneys have been members of the Bar for forty years and two years respectively;

8) the fee was on a contingent basis;

9) with respect to the ninth *Cox* factor, the Plaintiff did not comment on this factor, however, the Court will assume that the Defendant, a major insurance provider, has the ability to pay reasonable attorneys' fees; and

10) the Court can not make a determination since the Plaintiff did not comment.

28. Here, it appears that the majority of the Cox factors tilt favorably towards the Plaintiff's attorneys and thus deserving of reasonable attorneys' fees. Additionally, the Court notes the lengthy procedural history of the case, where issues of the case were actively litigated by counsel. As such, the Court feels it would be unfair to apply the one-third standards utilized in *Manubay* and *Nassau Gallery*. Instead, the Court, supported by *Sanders* and its *Cox* analysis, finds $30,000 to be a reasonable sum to award to the Plaintiff for attorneys' fees.

29. After reviewing all of the above factors and the circumstances surrounding each one, the Plaintiff's motion for attorney fees and costs is **GRANTED** pursuant to Rule 54(d) in the amount of $30,000 plus costs in the amount of $1,389.75, totaling a total award of 31,389.75.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh