IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NGL ENERGY PARTNERS LP and NGL ENERGY HOLDINGS LLC, | § § § | No. 265, 2023 |
| Appellants/Cross-Appellees, Defendants Below, | § § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | C.A. No. N15C-08-109 |
| LCT CAPITAL, LLC, | § § § | |
| Appellee/Cross-Appellant, Plaintiff Below. | § § § | |

Submitted: February 7, 2024
Decided: May 28, 2024

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, and **GRIFFITHS**, Justices, and **FIORAVANTI**, Vice Chancellor[1] constituting the Court *en banc*.

Upon appeal from the Superior Court. **AFFIRMED IN PART, REVERSED IN PART**, **REMANDED**.

Steven T. Margolin, Esquire (*argued*), Lisa M. Zwally, Esquire, Samuel L. Moultrie, Esquire, Bryan T. Reed, Esquire, GREENBERG TRAURIG, LLP, Wilmington, Delaware; Hal S. Shaftel, Esquire (*argued*), Daniel Friedman, Esquire, GREENBERG TRAURIG, LLP, New York, New York, *for Appellants/Cross-Appellees NGL Energy Partners LP and NGL Energy Holdings LLC*.

John L. Reed, Esquire (*argued*), Peter H. Kyle, Esquire, Daniel P. Klusman, Esquire, DLA PIPER LLP, Wilmington, Delaware; Benjamin D. Schuman, Esquire, DLA PIPER LLP, Baltimore, Maryland, *for Appellee/Cross-Appellant LCT Capital, LLC*.

---

[1] Sitting by designation under Del. Const. art. IV, § 12 and Supreme Court Rules 2(a) and 4(a) to complete the quorum.

**TRAYNOR,** Justice:

In this appeal, the appellants/cross-appellees (together, "NGL") challenge a $36 million final judgment and a set of evidentiary rulings that, in their view, led to it. In turn, LCT Capital LLC ("LCT") cross-appealed, contesting the Superior Court's methodology for computing post-judgment interest.[2] Specifically, LCT contends that the court erroneously refused to include prejudgment interest in the judgment upon which post-judgment interest is to accrue.

We find no error or abuse of discretion in the Superior Court's evidentiary rulings. We disagree, however, with the court's post-judgment interest determination. Under 6 *Del. C.* § 2301(a), a "judgment . . . shall, from the date of the judgment, bear post-judgment interest of 5% over the Federal Reserve Discount rate . . . ." Prejudgment interest is part of the "judgment" and, as such, should be included in the amount on which post-judgment interest accrues. We therefore reverse the Superior Court as to this issue.

I

NGL consists of Delaware entities occupied in the energy sector. The appellee/cross-appellant, LCT Capital LLC ("LCT") provides financial advisory services. After LCT, without the benefit of an agreement as to its compensation,

---

[2] *LCT Capital, LLC v. NGL Energy Partners LP*, 2023 WL 4102666 (Del. Super. June 20, 2023) (the "Costs and Interest Opinion").

2

provided services in connection with NGL's 2014 acquisition of TransMontaigne Inc. (the "Transaction"), the parties failed to agree to payment terms.  LCT filed suit in 2015, alleging four claims:   (i) fraud, (ii) breach of contract, (iii) unjust enrichment, and (iv) *quantum meruit*.

Following the Superior Court's grant of summary judgment on the breach-of-contract and unjust-enrichment claims in favor of NGL, the court held a jury trial in July 2018.  The jury awarded LCT $4 million for the *quantum meruit* claim and $29 million for the fraud claim.  Post-trial briefing ensued.  The Superior Court set aside the awards, ordering a new trial on damages.  The parties then filed interlocutory appeals.

We accepted the appeals and, in a 2021 opinion, reversed in part and affirmed in part.  We held, among other things, that the court abused its discretion in ordering a new trial on the fraud claim because, under its unitary theory of damages at trial, LCT did not provide independent support for the claim.[3]  But we affirmed the court's decision to order a new trial solely on damages under LCT's *quantum meruit* theory.[4]

On remand, the parties disagreed as to how to measure *quantum meruit* damages, which resulted in each moving *in limine* to block portions of the other

---

[3] *LCT Capital, LLC v. NGL Energy Partners LP*, 249 A.3d 77, 98 (Del. 2021).
[4] *Id.* at 101.

side's evidence, including expert testimony.[5]  In a December 2022 opinion, the Superior Court granted in part and denied in part these motions ("December Opinion").[6]  In a follow-up order issued by a judge who was newly assigned to the case, the Superior Court revisited the December Opinion, making adjustments that permitted certain evidence to be presented at trial ("January Order").[7]

After hearing evidence over the course of several days in February 2023, the jury rendered a $36 million verdict in LCT's favor.[8]  The court entered judgment against NGL in the amount of this award, plus $19,945,726.02 in prejudgment interest, together with post-judgment interest at the legal rate of 9.75%, which translates to $9,616.44 *per diem*.[9]  The court calculated the post-judgment interest amount by applying the 9.75% interest rate solely to the $36 million award—that is, the court did not calculate post-judgment interest on the sum of the $36 million award and the $19,945,726.02 prejudgment interest.[10]

Although NGL's notice of appeal listed several written decisions and bench rulings for review,[11] NGL focuses largely on the January Order, raising two

---

[5] *See generally LCT Capital, LLC v. NGL Energy Partners LP*, 2022 WL 17851423 (Del. Super. Dec. 22, 2022).
[6] *Id.* at *16.
[7] *See LCT Capital, LLC v. NGL Energy Partners LP*, 2023 WL 1115628, at *2–4 (Del. Super. Jan. 30, 2023).
[8] App. to Opening Br. at A7–8 (D.I. 626), A1085.
[9] Costs and Interest Opinion at *1–2.
[10] *See id.*
[11] App. to Opening Br. at A1089–90.

arguments.[12]  First, NGL claims that the Superior Court erred by admitting evidence and arguments about "the value/benefit supposedly gained by NGL" in the Transaction, asserting that such evidence is prejudicial and irrelevant to a *quantum meruit* claim.[13]  Second, NGL argues that the Superior Court erred by admitting evidence of benefit-of-the-bargain or expectancy damages when assessing the *quantum meruit* value of LCT's services.[14]  We review legal conclusions *de novo*, and we review evidentiary rulings for an abuse of discretion.[15]

## II

In the body of its opening brief, instead of identifying specific testimony and exhibits that were improperly admitted at trial, NGL refers in sweeping terms to "a flood of inadmissible testimony and documents through which LCT was permitted to reframe the trial into a speculative exercise about how much value/benefit NGL might ultimately have gained from the Transaction[.]"[16]  Then, in the brief's conclusion, NGL lists—without any meaningful discussion—ten exhibits and twenty trial-testimony excerpts that it claims should have been excluded.  Despite this unorthodox framing of NGL's evidentiary objections, we have reviewed the cited exhibits and testimony; having done so, we affirm the Superior Court's

---

[12] *See, e.g.*, Opening Br. at 18, 25, 32, 48.
[13] *See, e.g.*, *id.* at 16–23.
[14] *See id.* at 29–49.
[15] *See XL Ins. Am., Inc. v. Noranda Aluminum Hldg. Corp.*, 239 A.3d 390, 399 (Del. 2020).
[16] Opening Br. at 22.

evidentiary rulings on the basis of and for the reasons stated in the court's January Order. In so holding, we note further that the court's jury instruction on the appropriate measure of *quantum meruit* damages expressly warned the jury that

> the value of LCT's services under *quantum meruit is not measured by reference to any value created after NGL's acquisition* of TransMontaigne. Instead, the standard for measuring the value of LCT's services under *quantum meruit* is the reasonable amount that LCT's services could have been purchased from someone in the investment banking market at the time LCT provided them.[17]

We also reject NGL's contention that the Superior Court incorrectly allowed LCT to recover benefit-of-the bargain/expectancy damages. This argument runs contrary to the Superior Court's statement following the first trial in 2018 that benefit-of-the bargain damages were not recoverable in this case,[18] a conclusion we affirmed in our 2021 opinion.[19] And as quoted above, the jury in the trial from which this appeal is taken was not instructed to award benefit-of-the-bargain damages.

---

[17] App. to Appellee's Answering Br. at B3728 (emphasis added).
[18] *LCT Capital, LLC v. NGL Energy Partners LP,* 2019 WL 6896463, at *7 (Del. Super. Dec. 5, 2019).
[19] *LCT Capital*, 249 A.3d at 96.

III

A

LCT raises two issues on cross-appeal. First, it contends that the Superior Court erred by ordering post-judgment interest on the amount of the jury verdict and not on a combination of the verdict plus accrued prejudgment interest. Second, if we were to reverse the Superior Court's judgment on the jury verdict, LCT argues that we should also revive its breach-of-contract and unjust-enrichment claims, which the Superior Court dismissed by way of summary judgment. Because we reverse on the former argument but not the jury verdict, we need not address the latter argument.

As to the first issue, LCT reads the authority for its post-judgment interest request as grounded in 6 *Del. C.* § 2301(a) ("Section 2301(a)"),[20] which LCT says "applies equally to judgments in all Delaware courts."[21] To support this position, LCT cites cases that suggest that the Superior Court can award such post-judgment interest to preserve the full economic value of a judgment.[22] NGL, though not contesting the applicability of Section 2301(a), responds by citing a line of Delaware

---

[20] In relevant part, 6 *Del. C.* § 2301(a) reads, "[e]xcept as otherwise provided in this Code, any judgment entered on agreements governed by this subsection, whether the contract rate is expressed or not, shall, from the date of the judgment, bear post-judgment interest of 5% over the Federal Reserve discount rate including any surcharge thereon or the contract rate, whichever is less."

[21] Appellee's Opening Br. on Cross Appeal at 53.

[22] *Id.* (citing *Fortis Advisors, LLC v. Dematic Corp.*, 2023 WL 2967781, at *2 (Del. Super. Apr. 13, 2023) and *Brandin v. Gottlieb*, 2000 WL 1005954, at *30 (Del. Ch. July 13, 2000)).

cases disfavoring "compound interest" in the post-judgment interest context.[23] NGL further maintains that, even if the Superior Court had discretion to grant LCT's request, the court expressly declined to exercise it here.[24]

The Superior Court believed that it was bound by our precedents to exclude prejudgment interest from the judgment on which post-judgment interest would accrue. To do otherwise, in the court's view, would be to award compound interest, which "mandatory authority provides only the Court of Chancery . . . [may] do . . . ."[25] The court thus declined to award post-judgment interest on both the damages verdict and the prejudgment interest. But—perhaps in recognition that authority existed for doing otherwise—the court held "[a]lternatively, [that] if the Court were to have the discretion to award compound interest, post-judgment, it would nevertheless award simple interest in this case."[26]

B

We are reluctant to accept the Superior Court's characterization of LCT's preferred method of calculating post-judgment interest as compound interest. It is true that, broadly defined, compound interest involves earning, or owing, interest on

---

[23] Cross-Appellee's Answering Br. at 40–41.

[24] *Id.*

[25] Costs and Interest Opinion at *8. The court recognized, however, that other decisions of the Superior Court have "assumed the discretion to . . . .[award compound post-judgment interest] in special circumstances" and that "there may be excellent arguments and a trend, based upon commercial expectations, to make compound interest the default." *Id.*

[26] *Id.*

previously accrued interest.[27]  But post-judgment interest accrues on a "judgment."

Typically, the "judgment" in civil actions—as in this case—consists of the fact-

finder's award of damages, the costs assessed by the court, and prejudgment interest.

Thus, it would be reasonable to assess interest on the entire amount of the judgment,

rather than on the amount of only one component of the judgment (the verdict or

damages award).  Indeed, this method would be consistent with, though admittedly

not dictated by, our holding in *Noranda Aluminum Holding Corp. v. XL Insurance*

*America, Inc.*[28]  In that case, we held that post-judgment interest should be awarded

at the legal rate in effect on the date judgment is entered as opposed to the date on

which the underlying liability arose.  We also noted that a judgment "often comprises

elements, such as costs and fees, that are not components of the underlying

liability[.]"[29]  The method also accords with a trend seen in "[s]everal recent

cases . . . [recognizing] that, subject to a court's discretion to order otherwise, 'a

party is [] entitled to post-judgment interest until the date of payment on an amount

---

[27] *See* 44B Am. Jur. 2d *Interest and Usury* § 41 (2024) ("'Compound interest' means interest on interest, in that accrued interest is added periodically to the principal, and interest is then computed upon the new principal thus formed."); 47 C.J.S. *Interest and Usury* § 2 (2024) ("Simple interest is computed solely on the principal[,]" whereas "[c]ompound interest is interest on interest.  It is paid both on the principal and the previously accumulated interest.  Accrued interest is added periodically to the principal, and interest is computed upon the new principal thus formed. Accrued interest is added to the principal sum and the whole is treated as a new principal for the calculation of the interest for the next period.") (citations omitted).  LCT did not ask the Superior Court to award compound interest in the traditional sense—that is, by periodically adding accrued interest to the principal amount owed under the judgment.  Nor is the Superior Court's authority to enter such an award before us now.
[28] *See generally Noranda Aluminum Hldg. Corp. v. XL Ins. Am., Inc.*, 269 A.3d 974 (Del. 2021).
[29] *Id*. at 982.

that includes both the amount of the judgment and the amount of prejudgment interest.'"[30]

Admittedly, the trend mentioned above is most visible in Court of Chancery decisions[31] and, as the Superior Court astutely observed here, has been traditionally grounded in that court's equitable powers.[32]  Meanwhile, the Superior Court has adhered to an approach that views post-judgment interest on the prejudgment interest component of a judgment as "compound interest"—a phenomenon purportedly disfavored by this Court's precedents.

Here the Superior Court discussed several Delaware Supreme Court cases as informing its decision to deny LCT's request, including *Summa Corp. v. Trans*

---

[30] *Fortis Advisors*, 2023 WL 2967781, at *2 (citing several Court of Chancery opinions); *see also Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 217 (3d Cir. 2004) (observing that under a statute similar to 6 *Del. C*. § 2301, "postjudgment interest should be calculated based upon the underlying judgment and award of prejudgment interest.").

[31] *See, e.g.*, *Brandin*, 2000 WL 1005954, at *30 ("post-judgment interest will be awarded to [the plaintiff] on the full amount of the judgment, including that part comprised of pre-judgment interest[.]"); *Great Am. Opportunities, Inc. v. Cherrydale Funding, LLC*, 2010 WL 338219, at *30 (Del. Ch. Jan. 29, 2010) ("I grant Great American pre-judgment interest on its compensatory damages beginning on January 1, 2009, compounded quarterly, at the legal rate. Additionally, I award post-judgment interest on the full amount of the judgment, including that part comprised of prejudgment interest."); *Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 620–21 (Del. Ch. Apr. 23, 2010) ("I award Plaintiffs post-judgment interest on the full amount of the judgment, including the part comprised of prejudgment interest.").

[32] Costs and Interest Opinion at *8; *see also Brown v. Ct. Square Cap. Mgmt., L. P.*, 2024 WL 1655418 (Del. Ch. Apr. 17, 2024) (noting that "for the last few decades, the Court of Chancery has awarded compound interest as a matter of practice[] [but that] [t]he Superior Court, meanwhile, has remained faithful to the historical approach.").

*World Airlines, Inc.*, *Rehoboth Marketplace Associates v. State*, and *Stone & Co., Inc. v. Silverstein*.[33] We address them in turn.

To be sure, in *Summa Corp.*, the Court characterized the calculation of interest upon both the damages award and the prejudgment interest as "compounding interest."[34] The Court noted, moreover, that "[t]he Delaware courts have traditionally disfavored the practice of compounding interest[.]"[35] We note, however, that the sole case the *Summa Corp.* Court cited in its brief discussion of the issue recognized that whether to award simple interest or compound interest is a "discretionary judgment" and that, on this point, our courts are not bound "by an inflexible rule of law to be automatically applied in every case."[36]

Likewise, in a brief order, *Rehoboth Marketplace* addressed a landowner's argument that the installment payments of a condemnation award should be applied first to accrued interest and then to principal. The Court observed that the landowner was, in effect, seeking "simple interest on unpaid interest"—that is, compound interest—which is "traditionally not favored in the law."[37] But the Court's opinion

---

[33] Costs and Interests Opinion at *7–9 (citing *Summa Corp. v. Trans World Airlines, Inc.*, 540 A.2d 403 (Del. 1988); *Stone & Co., Inc. v. Silverstein*, No. 298, 1998 (Del. Apr. 1, 1999) (ORDER); *Rehoboth Marketplace Assocs. v. State*, 625 A.2d 279, 1993 WL 191465 (Del. Apr. 26, 1993) (TABLE)).

[34] *Summa Corp.*, 540 A.2d at 410.

[35] *Id.*

[36] *Francis I. duPont & Co. v. Universal City Studios, Inc.*, 343 A.2d 629, 635 n.*** (Del. Ch. July 21, 1975).

[37] *Rehoboth Marketplace*, 1993 WL 191465, at *1.

did not then foreclose a trial court's exercise of discretion to calculate post-judgment interest on a damages award plus prejudgment interest, regardless of whether such a calculation was labeled "compound interest" or otherwise.

Finally, this Court's decision in an unpublished order in *Silverstein* did not recognize a rigid rule prohibiting the accrual of post-judgment interest on the entire amount of a judgment, including prejudgment interest. Similarly to *Summa Corp.* and *Rehoboth Marketplace*, the *Silverstein* Court noted that "in the fixing of [post-judgment] interest, an award of 'interest on interest' is the exception under settled Delaware law."[38] But it allowed that the trial court could "deviate[] from the norm" so long as it "rest[s] its holding on explicit grounds[.]"[39] In short, our precedents do not—as the Superior Court read them here—categorically prohibit the accrual of post-judgment interest on the entire amount of a judgment, including prejudgment interest.

This reading of our cases does not, however, discharge the task LCT has set for us here. Though its argument is cursory,[40] LCT's position is that it is entitled to post-judgment interest on the entire judgment, including prejudgment interest, not

---

[38] *Silverstein*, No. 298, 1999, at *15.

[39] *Id.*

[40] NGL's reply is no less cursory. LCT devoted less than one page of its opening brief on cross-appeal to the merits of this argument, while NGL's merits discussion barely exceeded one page.

12

in the trial court's discretion but as a matter of right under Section 2301(a). We address that contention next.

C

The parties agree that LCT is entitled to post-judgment interest in accordance with Section 2301(a). As noted, the relevant portion of that statute provides that "any judgment . . . shall, from the date of the judgment, bear post-judgment interest of 5% over the Federal Discount rate . . . ."[41] Whether LCT's position is correct and in accordance with our law turns, in our view, not on whether it results in "compound interest" but on whether an award of prejudgment interest is part of "the judgment" that, under Section 2301(a), "shall . . . bear post-judgment interest." We conclude that it is.

We note preliminarily that the notion that prejudgment interest that accrues between a court's merits decision and its entry of a final judgment is part of that judgment is not foreign to the trial courts in this State.[42] We note further that a jury

---

[41] 6 *Del. C.* § 2301(a).

[42] *See supra* note 31. *See also*, *e.g.*, *In re Southern Peru Copper Corp. S'holder Deriv. Litig.*, 2011 WL 6866900 (Del. Ch. Dec. 29, 2011) (including prejudgment interest "through . . . the date of the Opinion" on the merits in the "Total Amount of the Judgment," with post-judgment interest accruing on the "Judgment."); *Fortis Advisors, LLC v. Dematic Corp.*, C.A. No. N18C-12-104, at 3 (Del. Super. May 3, 2023) (stipulation and amended final order and judgment awarding post-judgment interest, "such amount having been calculated on the sum of the awarded principal, prejudgment interest, and costs at 10% APR[.]"); *Pro. Investigating & Consulting Agency, Inc. v. Hewlett-Packard Co.*, 2015 WL 1417329, at \*10–11 (Del. Super. Mar. 23, 2015) ("post-judgment interest on the full amount of the judgment, which includes the part comprised of pre-judgment interest, is left to the Court's discretion . . . . The Court awards the following as costs and interests

13

verdict is not in and of itself a "final judgment" for appeal purposes.[43]  To the contrary, a verdict does not immediately become part of a "final judgment," which is "generally defined as one that determines the controversy or *defines the rights of the parties and leaves nothing for future determination or consideration.*"[44]  Thus, so long as a trial court has not entered an award of prejudgment interest, the aggrieved party has not yet secured a final judgment.  This signals to us that a prejudgment-interest award is part of the "judgment" in a civil action and, as such, should be included in the amount that bears post-judgment interest under Section 2301(a).

This approach to the inclusion of prejudgment interest in a judgment upon which post-judgment interest accrues finds ample support in the federal courts' interpretation of 28 U.S.C. § 1961(a), a statute that is similar to Section 2301(a).  Section 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."[45]  Notably, this statute offers no more or no less guidance on the question at hand than does Section 2301(a).  Nevertheless, when interpreting or discussing § 1961, numerous federal courts have held that

---

to PICA: . . . (6) pre-judgment interest on $100,000 beginning March 2010, $100,000 beginning March 2011, and $100,000 beginning March 2012; and (7) post-judgment interest, calculated as simple interest.").

[43] *See Cahall v. Thomas*, 889 A.2d 966, 967–68 (Del. 2005); *Tyson Foods, Inc. v. Aetos Corp.*, 809 A.2d 575, 579–80 (Del. 2002).

[44] *Tyson*, 809 A.2d at 579 (emphasis added).

[45] 28 U.S.C. § 1961(a).

14

prejudgment interest is included as part of the "final judgment" on which post-judgment interest accrues.[46] In *Caffey v. Unum Life Insurance Co.*, for example, the United States Circuit Court of Appeals for the Sixth Circuit concluded:

---

[46] *See Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002) (citing § 1961 in the same passage as holding "that Plaintiff is entitled to postjudgment interest on the district court's award of prejudgment interest[.]"); *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) ("We believe that awarding post-judgment interest on the entire amount the court awarded [the plaintiff], including pre-judgment interest, most closely comports with the purpose of post-judgment interest articulated by the Supreme Court. The pre-judgment interest [the plaintiff] received was simply a portion of his judgment for damages. Under § 1961, post-judgment interest should be awarded on the entire amount of the judgment."); *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572 n.4 (11th Cir. 1991) ("Post-judgment interest can hardly be considered part of an award for compensation on a claim . . . post-judgment interest serves to reimburse the claimant for not having received the money in hand on that day. This is effectuated by the federal statute providing interest on all federal court judgments. 28 U.S.C. § 1961. This is to be distinguished from pre-judgment interest, which forms part of the actual amount of a judgment on a claim."); *Skretvedt*, 372 F.3d at 216–17 (3d Cir.) (discussing § 1961 and holding that "postjudgment interest should be calculated based upon the underlying judgment and award of prejudgment interest."); *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995) ("we hold that postjudgment interest under 28 U.S.C. § 1961 applies to the prejudgment interest component of a monetary award."); *Bancamerica Com. Corp. v. Mosher Steel of Kan, Inc.*, 103 F.3d 80, 81–82 (10th Cir. 1996) (discussing § 1961 and then concluding that "the monetary award upon which postjudgment interest should accrue is the entire award granted by the district court, including the forthcoming award of prejudgment interest."); *John Hancock Life Ins. Co. v. Abbott Laboratories*, 863 F.3d 23, 50 (1st Cir. 2017) (citing § 1961 and holding that an award that was not appealed and thus remained in effect must be, if left unsatisfied, "incorporated in the amended judgment, together with prejudgment interest to the date of the original judgment (as previously calculated by the district court.) Postjudgment interest shall continue to accrue on that portion of the judgment from that date forward."). An earlier case that did not cite or discuss § 1961 nevertheless held that the full judgment included pre-judgment interest. *See Hellenic Lines Ltd. v. Gulf Oil Corp.*, 359 F.2d 403, 404 (2d Cir. 1966) ("The appellant complaints [*sic*] that the trial court, in granting Gulf interest on the judgment of March 30, 1964, erroneously awarded interest on interest. That judgment consisted of the principal amount due by Hellenic for oil, interest on that sum to March 30, 1964, and costs . . . . The trial court was correct in awarding interest as it did."). *See also Newman v. Ford Motor Co.*, 975 S.W.2d 147, 155 (Mo. 1998) (including prejudgment interest as part of "the amount of the judgment"). *But cf. Sidya v. World Telecom Exch. Commc'ns, LLC*, 870 S.E.2d 199, 209–210, 209 n.8 (Va. 2022) (excluding punitive damages and treble damages from outside the scope of a statutory grant of post-judgment interest because "recoveries that are noncompensatory in nature and those that, while compensating a litigant in the broadest sense, do not remedy an actual harm sustained by the litigant.").

that Plaintiff is entitled to postjudgment interest on the district court's award of prejudgment interest . . . . A number of courts have held that postjudgment interest should be awarded on the entire amount of the judgment, including any prejudgment interest. We agree with this approach. As the Supreme Court has explained, '[t]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant.' Prejudgment interest is part of the underlying damage award; and '[u]nder § 1961, postjudgment interest should be awarded on the entire amount of the judgment.'[47]

Citing a policy reason that seeks to preserve the full value of the award and incentivize prompt payment of judgment, the Sixth Circuit observed further that:

failure to award postjudgment interest on the prejudgment interest element of the damages award would require the plaintiff to bear the cost of the lost time value of her award resulting from the defendant's delay in remitting payment. Defendants would have a strong incentive to delay payment of prejudgment interest as long as possible, since they would be able to enjoy the benefit of continued use of the funds during any period of delay, and would bear a lesser financial burden once payment was ultimately made.[48]

We find the weight of federal authority persuasive. Moreover, it comports with our reading of Section 2301(a). Including prejudgment interest in the judgment that will bear post-judgment interest is consistent with the structure of Section

---

[47] *Caffey*, 302 F.3d at 586 (citations omitted).

[48] *Id.* (citations omitted). The Court of Chancery has echoed this rationale. *See Brandin*, WL 1005954, at *30 ("Without an award of post-judgment interest on the full award, the obvious purpose of awarding pre-judgment interest—to ensure that [the prevailing party] is fully compensated for the loss of the time value of her money—would be undercut. Simply by delaying the payment of the final judgment, [the non-prevailing party] could chip away at the real value of [the prevailing party's] recovery and diminish his obligations to her.").

16

2301(a), which calls for post-judgment interest to accrue "from the date of the judgment," not from the date of the verdict or damages award. On the date of the judgment, the judgment debtor's obligation is a sum certain that includes the amount of the award plus prejudgment interest and, in some cases, fees and costs. To decouple prejudgment interest from the other components of a judgment would, in our view, discourage judgment debtors from promptly paying the full measure of their adjudicated obligations. For these reasons, we hold that prejudgment interest is part of the judgment upon which post-judgment interest accrues under Section 2301(a).

IV

We affirm the Superior Court's entry of judgment in LCT's favor but reverse its decision to exclude prejudgment interest from the judgment on which post-judgment interest is to accrue. The case is remanded to the Superior Court for entry of judgment consistent with this opinion. Jurisdiction is not retained.